## MICHIGAN SAVINGS BANK *v.* DIME SAVINGS BANK.

1. TRADE-NAMES—CORPORATIONS—BANKS AND BANKING.

   In a suit in equity to enjoin the use by a corporation of a name similar to the name of another corporation carrying on business of the same character, relief may be granted if the public is misled, and the corporation first established is defrauded on account of the similarity.

2. SAME—GEOGRAPHICAL TERMS — WORDS AND PHRASES — FRAUD —INJUNCTION.

   The use of properly descriptive geographical words in a business name will not be enjoined in the absence of estoppel, actual fraud or misleading of the public.

3. SAME—CORPORATIONS—STATUTES.

   In enforcing a statute intended to prevent such results (Act No. 232, Pub. Acts 1903), it must be made to appear that they will follow the use of the name sought to be enjoined.

4. SAME—WORDS AND PHRASES—INJUNCTION.

   The proposed use by a bank, subsequently organized, of the name "Bank of Michigan," in the absence of evidence of fraud or estoppel, or of actual injury, will not be enjoined as an infringement upon the rights of a corporation called the "Michigan Savings Bank," doing business in the same place; but the complainant will be left to its remedy if actual injury and confusion result.

Appeal from Wayne; Rohnert, J. Submitted June 14, 1910. (Docket No. 57.) Decided July 14, 1910.

Bill by the Michigan Savings Bank of Detroit against the Dime Savings Bank and others to enjoin a proposed change in the name of defendant bank. From a decree for complainant, defendant bank appeals. Reversed, and bill dismissed.

*Stellwagen & MacKay*, for appellant.

*Wilkinson, Post & Oxtoby*, for appellee.

OSTRANDER, J.   The complainant has for more than 30 years conducted a general banking business in the city of Detroit under the name and style "Michigan Savings Bank," its corporate name being "Michigan Savings Bank of Detroit, Mich."   The defendant bank has also conducted a general banking business in the same city since the year 1884, its corporate name being "The Dime Savings Bank of Detroit, Mich."   The Dime Savings Bank acquired the business of the Citizens' Savings Bank of the same city and thereupon elected and determined to change its name to "The Bank of Michigan," and for that purpose resolved to amend its articles of association. This action was taken, notwithstanding protests from officers of the Michigan Savings Bank, which, in consequence, filed its bill in the circuit court for the county of Wayne, in chancery, against the Dime Savings Bank, the county clerk of Wayne county, the secretary of State and the commissioner of banking, praying that the defendant bank be enjoined from using the name "The Bank of Michigan" or any other name similar in any material respect to the name of defendant, from executing a certificate setting forth that it has amended its articles of association by changing its corporate name as aforesaid, and from recording the same either in the office of the county clerk, the commissioner of banking, or the secretary of State, and that the attempted action of its stockholders with reference to the change of its corporate name be declared to be of no effect.   There were appropriate prayers for relief as to the other defendants.   The bill was answered by the defendant bank, testimony was taken, and a decree was entered in accordance with the prayer of the bill.   The Dime Savings Bank has appealed.

It is not claimed that the defendant bank has any fraudulent purpose—a design to mislead the public or to injure complainant—in changing its corporate name.   No director of one bank is also a director of the other, no contract relations between the two institutions are relied upon by the complainant, and defendant bank is not estopped to

use the name. But it is claimed that if two banks, with offices upon the same street, in the same city, use names so similar, confusion and injury will result; that the statute forbids the defendant bank to assume a name so similar to that of complainant bank, and that equitable principles support the decree appealed from.

The banking law, 2 Comp. Laws, § 6091, requires persons associating to organize a bank to specify in the articles of association, among other things,—

"The name assumed by such bank, which shall be, in no material respect, similar to the name of any other bank organized under the laws of this State."

So Act No. 232, Pub. Acts 1903, in section 2 thereof, relating to names to be assumed by corporations, contains the proviso that—

"No name shall be assumed already in use by any other existing corporation of this State, or corporation lawfully carrying on business in this State, or so nearly similar as to lead to uncertainty or confusion."

Courts of equity are frequently called upon to remedy conditions which grow out of the use by a corporation of a name similar to the name of another corporation, carrying on a business of the same character. In such cases it is usually, if not always, true that relief is granted because experience has demonstrated that the public is misled, and the corporation first established is defrauded on account of the similarity of the names. We assume that the statutes referred to were intended to prevent, to some extent, the conditions which in such cases, when they arise, make a resort to the courts necessary. In this view of the legislation, in its enforcement by the courts as a preventive measure, it is necessary to consider, in advance of a demonstration based upon experience, and in a case where neither corporation has, or can acquire, the general right to an exclusive use of the words employed in the name, whether it is likely that the public will be misled, and whether the complaining corporation

is likely to be injured. It is evident that experience, not in the particular case, but in other cases, must still be employed in determining the fact, and that mere conjecture that some confusion may result is not ground for granting equitable relief. We may also consider that if relief is refused and conjecture is in actual experience made fact, the complaining corporation may have its remedy.

We are not impressed that the testimony introduced on the part of complainant supports even the conjecture that the public, using ordinary care, will be misled by the alleged similarity of the names of these corporations. If it is true, and we assume that it is, that the public is apt to sieze upon some part of the corporate name and use it as descriptive of the whole and as designating the particular bank, we may also assume that the words "Michigan Savings" in one case, and "the Michigan" in the other, will be apt to be used and will be properly and sufficiently distinctive. It is the general rule that when they are properly descriptive, the use of geographical words in a business name will not be enjoined, in the absence of estoppel or of actual fraud, or public misleading. In enforcing a statute intended to prevent some of these results, it must be made to appear that it is reasonably certain they will follow the use of the name sought to be enjoined. The principle is the same in either case.

The decree is reversed, and a decree will be entered in this court dismissing the bill, with costs of both courts to the defendant bank. It may be stated in the decree that it is without prejudice to the right of complainant to relief, if actual injury and confusion shall result from defendant's use of the proposed corporate name.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.