METAL CRAFT CO. *v.* METALCRAFT HEATER CORPORATION.

1. TRADE-NAMES AND TRADE-MARKS—CONFUSION OF NAMES—UNFAIR COMPETITION—STATUTES.
    2 Comp. Laws 1929, § 9955, prohibits confusion of corporate names without regard to whether unfair competition results.

2. SAME—WHEN STATUTE APPLIES.
    Test as to applicability of 2 Comp. Laws 1929, § 9955, is that confusion must be such as would exist in mind of person of ordinary intelligence, and not that careless and indifferent readers of names would be confused as to identity of corporations, nor need actual confusion be shown; that confusion is probable or likely to occur being sufficient.

As to necessity of showing confusion of similarity of names, see annotation in 66 A, L. R, 972 *et seq.*

3. Same—Confusion of Names—Statutes.

Whether names of corporations are so similar as to be confusing and deceptive depends upon application of principles to peculiar facts of each particular case (2 Comp. Laws 1929, § 9955).

4. Same.

Confusion of names may result from use of identical or similar dominant words although other dissimilar words are attached to them (2 Comp. Laws 1929, § 9955), especially where used at commencement of names, since it is usual, in referring to corporation, to shorten its title to first or distinctive word or words of name.

5. Same.

Use in corporate names by two corporations of term "Metal Craft," whether used as one word or two, *held,* likely to produce confusion of names unless qualified by other words which emphasize difference in identity.

6. Same—Injunction.

Actual confusion resulting from use of term "Metal Craft" by Metal Craft Co., and also by Metalcraft Heater Corporation renders applicable provisions of 2 Comp. Laws 1929, § 9955, entitling former corporation to enjoin use of said term by latter in its corporate name.

Appeal from Wayne; Keidan (Harry B.), J. Submitted October 8, 1931. (Docket No. 48, Calendar No. 35,922.) Decided December 8, 1931.

Bill by the Metal Craft Company, a Michigan corporation, against Metalcraft Heater Corporation, a Michigan corporation, to enjoin the use of the term "Metalcraft" in its corporate name. Bill dismissed. Plaintiff appeals. Reversed, and decree entered for plaintiff.

*Harness, Dickey & Pierce,* for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright* (*Harold R. Smith* and *John G. Garlinghouse,* of counsel), for defendant.

Fead, J. This is a companion case to *Metal Craft Co.* v. *Grand Rapids Metalcraft Corporation, ante,* p. 638, is ruled by it upon the claim of unfair competition, but has distinctive features upon the application of the statute.

Bill was filed February 1, 1930, to enjoin defendant's use of its name on the ground of similarity to that of plaintiff. Defendant is affiliated with Grand Rapids Metalcraft Corporation, and was organized by it in May, 1929, to manufacture and sell heaters and other automobile appliances, accessories, and equipment. Plaintiff was incorporated in 1923 to manufacture and sell metal products. It does not now manufacture heaters. Plaintiff is located in Detroit and defendant has a business office in that city. The principal business of both corporations is with manufacturers of automobiles, and, under their charters, they may become competitors as to products.

The statute, 2 Comp. Laws 1929, § 9955, provides:

"No corporation shall assume any name already in use by any other existing corporation of this State, or corporation lawfully carrying on business in this State, or so nearly similar thereto as to lead to confusion or deception."

The statute prohibits confusion of corporate names without regard to whether unfair competition results. *Grand Rapids Furniture Co.* v. *Grand Rapids Furniture Shops,* 221 Mich. 548.

The test of the statute is that the confusion must be such as would exist in the mind of a person of ordinary intelligence, and it is not sufficient that careless and indifferent readers of names would be confused as to the identity of corporations. *Young & Chaffee Furniture Co.* v. *Chaffee Brothers Furniture Co.,* 204 Mich. 293.

Actual confusion need not be shown, but it is sufficient that confusion is probable or likely to occur. 66 A. L. R. 972.

In 66 A. L. R. 975 *et seq.,* are listed numerous names held to be similar or dissimilar. While illustrative, they are not determinative, because each case depends upon the application of principles to its own peculiar facts.

In the hurry of business, it is usual, in referring to a corporation, to shorten its title to the first or the distinctive word or words of the name. Confusion of names may result from the use of identical or similar dominant words, although other dissimilar words are attached to them.

The term "Metal Craft," whether used as two words in sequence or as one word, while not subject to exclusive appropriation, is sufficiently distinctive to stand out in a corporate name. It has an attractive sound, carrying an implication of skill, and, perhaps, artistry in metal working. It is more outstanding than more commonly-used terms, and its use by two corporations is more likely to produce confusion of names, unless qualified by other words which emphasize the difference in identity.

"Metal Craft" dominates the names of both plaintiff and defendant, both because of its distinction and inherent force and because of its position at the commencement of their titles. The use by defendant of the word "Heater" and of "Corporation" instead of "Company" does not emphasize the distinction from plaintiff's name. It would be common to call either the "Metal Craft Company" or "Corporation" in ordinary reference to it. The chance for confusion is increased by use of "Metalcraft" at the commencement of defendant's name, because the corporations would be close neighbors in directories, telephone books, trade and address lists, and wherev-

er records of names are kept. The probability of confusion is apparent.

Confusion has been demonstrated in fact. While defendant was incorporated about eight months before the bill was filed, we are not informed when it actually commenced business. Plaintiff claims considerable confusion existed in the way of telephone calls and mail deliveries, and supported the claim by some letters. Some of this confusion probably arose from carelessness. But plaintiff produced three letters received by it within four months of the filing of the bill which conclusively demonstrate actual confusion in the trade to which both cater. One was a letter from the Packard Motor Company at Detroit, addressed to defendant, relating to heaters, but sent in an envelope addressed to plaintiff at its street number in Detroit; another was an order from Chrysler Corporation at Detroit, addressed to defendant but at plaintiff's street number; the third was a package from the Buick Motor Car Company at Denver, Colorado, returning a defective heater valve manufactured by defendant; both the order and blank and the package being addressed to plaintiff.

In the Grand Rapids Metalcraft Corporation case the defendant had distinguished itself from plaintiff in a manner to impress an ordinarily intelligent and careful person by commencing the name differently and by localizing it to a city. Here the defendant's name was naturally calculated, even though without design, to confuse it with plaintiff's in the trade, the confusion which resulted was such as would ordinarily have been anticipated, and the statute applies.

Decree dismissing the bill will be set aside, and one entered for plaintiff, with costs.

BUTZEL, C. J., and WIEST, CLARK, MCDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.