220 BAGLEY CORP. *v.* JULIUS FREUD LAND CO.

1. CORPORATIONS—SIMILAR NAMES—BANKS—INSURANCE COMPANIES —MERCANTILE CORPORATIONS.
    Greater latitude is allowed to banks and insurance companies in the similarity of corporate names than in the case of ordinary mercantile corporations.

2. TRADE-MARKS AND TRADE-NAMES—SERVICES TO SPECIALIZED GROUP.
    Where a competing business offers its services only to a small highly specialized group, capable of close discrimination, a greater degree of similarity will be tolerated in firm names than where the business offers itself generally to all comers.

3. CORPORATIONS—STATUTES—SIMILAR NAMES—NAME OF OFFICE BUILDING.
    Statute prohibiting a corporation from assuming a name likely to mislead the public or already in use by any other existing corporation or so similar thereto as to lead to confusion or deception is not involved in suit by corporation owning an office

Scope of injunction against use of a geographical term in a trade name, see 3 Restatement, Torts, § 744, comment d.

building by ,the name of "Michigan Building" against de-
fendant corporation owning an office building which it named
"Michigan Bank Building" where corporate names them-
selves were not involved (Act No. 327, § 6, Pub. Acts 1931).

4. Trade-Marks and Trade-Names—Confusion—Dominant Words.
   Confusion of names may result from the use of identical or simi-
   lar dominant words, although other dissimilar words are at-
   tached to them.

5. Same—Injunction—Probable Confusion.
   To entitle a plaintiff to relief by way of injunction against use
   by defendants of name similar to that used by plaintiff in
   conducting its business actual confusion need not be shown,
   it being sufficient that confusion is probable or likely to occur.

6. Same—Names of Office Building—Confusion—Detriment—
   Injunction.
   Where plaintiff's office building which had borne the name
   "Michigan Building" for about 10 years was located 9 blocks
   distant from defendants' office building which had been re-
   cently renamed "Michigan Bank Building" and evidence
   showed from 10 to 25 misdelivered letters to plaintiff's build-
   ing daily and persons frequently seeking defendants' tenants
   in plaintiff's building, although there is no competition be-
   tween the two corporations and defendants have gained no
   benefit from the use of the name in question to the detriment
   of the plaintiff because plaintiff caters to a different type of
   tenants and both buildings are presently filled to capacity,
   plaintiff *held,* entitled to injunction restraining use of the
   word "Michigan" as the dominant or master word in the
   name of defendants' building, as it is sufficient that injury to
   plaintiff's business be threatened or imminent.

Appeal from Wayne; Murphy (Thomas J.), J.
Submitted January 9, 1947. (Docket No. 53, Calen-
dar No. 43,551.) Decided April 17, 1947.

Bill by 220 Bagley Corporation, a Michigan cor-
poration, against Julius Freud Land Company and
F. S. C. Corporation, Michigan corporations, and
another to restrain the use of the word "Michigan"
in the name of their building. Decree for plaintiff.
Defendants appeal. Affirmed.

*Sempliner, Dewey, Stanton & Honigman* (*A. W. Sempliner, Jason L. Honigman, Milton J. Miller* and *Norman Sommers,* of counsel), for plaintiff.

*Harry Robbins* and *Shapero & Shapero,* for defendants.

DETHMERS, J. Plaintiff corporation is the owner of an office building in Detroit which, since 1936, has borne the name "Michigan Building." About nine blocks distant is an office building owned by defendants, which was known at one time as the Guaranty Trust Building. Recently defendants changed the name of their building to "Michigan Bank Building." Plaintiff thereafter brought this suit to enjoin defendants from using the word "Michigan" in the name of their building.

The plaintiff offered as expert witnesses a general foreman in the office of the superintendent of incoming mails of the Detroit Post Office, an advertising executive and the secretary of the Detroit Office Building Association, experienced in office building management. They testified that the similarity of names of the two buildings is so great that substantial confusion is bound to result; that such confusion would make the plaintiff's building less desirable from a tenant's viewpoint because their customers or clients would have difficulty in locating the correct building and because mail and merchandise would be misdelivered.

The proofs show that since the change was made in the name of defendants' building, confusion has resulted in the delivery of mail and merchandise and persons having business with tenants of defendants' building have looked for their offices in plaintiff's building.

While office space is now at a premium and both buildings are fully occupied, it is plaintiff's position that as times approach normalcy and competition for tenants is again resumed, plaintiff will be injured by such confusion because tenants will be reluctant to lease space in plaintiff's building under such circumstances.

It is the defendants' contention that there is no such similarity in names of the two buildings as to cause confusion to others than the careless and indifferent, that such confusion as is caused is slight and insignificant, and that plaintiff has shown no actual injury or damage as a result thereof and that, therefore, plaintiff is not entitled to injunctive relief. Defendants have cited a number of cases in which injunctive relief was sought to prevent alleged similarity of business or trade names and denied. These cases are *Central Mutual Auto Insurance Co.* v. *Central Mutual Insurance Co. of Chicago*, 275 Mich. 554; *Detroit Savings Bank* v. *Highland Park State Bank of Detroit*, 201 Mich. 601; *Federal Engineering Co., Inc.*, v. *Grieves*, 315 Mich. 326; *Metal Craft Co.* v. *Grand Rapids Metalcraft Corp.*, 255 Mich. 638; *Michigan Savings Bank* v. *Dime Savings Bank*, 162 Mich. 297 (139 Am. St. Rep. 558); *Supreme Lodge Knights of Pythias* v. *Improved Order Knights of Pythias*, 113 Mich. 133 (38 L. R. A. 658) and *Young & Chaffee Furniture Co.* v. *Chaffee Brothers Furniture Co.*, 204 Mich. 293. In these cases either it was found that the similarity of names was so slight as to be unlikely to confuse others than the careless or indifferent, or they involved banks or insurance companies or concerns doing business with a specialized field. As to these latter situations, this Court has said:

"There is probably greater latitude allowed to banks and insurance companies in the similarity of

corporate names than in the case of ordinary mercantile corporations." *Central Mutual Auto Insurance Co.* v. *Central Mutual Insurance Co. of Chicago, supra,* 560.

"Where a business offers its services only to a small highly specialized group, capable of close discrimination, * * * a greater degree of similarity will be tolerated, than where the business offers itself generally to all comers." *Federal Engineering Co., Inc.,* v. *Grieves, supra,* 334.

The cases cited by defendants are inapplicable to the situation presented in the case at bar.

The statute regulating the use of corporate names (Act No. 327, § 6, Pub. Acts 1931, [Comp. Laws Supp. 1940, §§ 10135-6, Stat. Ann. § 21.6]), is not here involved nor are the cases construing it necessarily controlling in the instant case. Plaintiff's case must rest upon claimed unfair competition as in the cases of *Bell* v. *Service Coal Co.,* 280 Mich. 172; *Dayton* v. *Imperial Sales & Parts Co.,* 195 Mich. 397; *Furniture Manufacturers Ass'n of Grand Rapids* v. *Grand Rapids Guild of Exhibitors,* 268 Mich. 685; *Schwannecke* v. *Genesee Coal and Ice Co.,* 262 Mich. 624.

In the *Schwannecke Case* plaintiff had done business for years under the name "Genesee Coal Company." Defendant thereafter started business in the same locality using the name "Genesee Ice and Fuel Company." In holding that this course of action by defendant resulted in unfair competition, this Court quoted the following:

" 'It is the words of a name which the eye first catches or rests upon which fix it in our minds.' *Grand Rapids Furniture Co.* v. *Grand Rapids Furniture Shops,* 221 Mich. 548, 552."

The case of *Metal Craft Co.* v. *Metalcraft Heater Corp.*, 255 Mich. 642, also stresses the greater likelihood of confusion resulting from similarity of names when such similarity is occasioned by identity of the dominant word in the two names.   The Court said:

"Confusion of names may result from the use of identical or similar dominant words, although other dissimilar words are attached to them.   *   *   *
" 'Metal Craft' dominates the names of both plaintiff and defendant, both because of its distinction and inherent force and because of its position at the commencement of their titles.   The use by defendant of the word 'Heater' and of 'Corporation' instead of 'Company' does not emphasize the distinction from plaintiff's name."

In the instant case the word "Michigan" is the dominant word in both names.   It is the first word to catch the eye and becomes fixed in the mind.   The addition of the word "Bank" in the name of defendants' building does not emphasize the distinction from the name of plaintiff's building.   Confusion is bound to result.

Defendants argue that plaintiff has shown but little actual confusion.   As said in the *Metal Craft Case* (255 Mich. 642, 645):

"Actual confusion need not be shown, but it is sufficient that confusion is probable or likely to occur."

However, the proofs show considerable confusion, with as many as from 10 to 25 letters per day for defendants' tenants misdelivered to plaintiff's building and persons frequently seeking defendants' tenants in plaintiff's building.   That similar mistakes occur in defendants' building is altogether likely.   As this Court said in *Grand Rapids Furniture Co.* v. *Grand Rapids Furniture Shops,* 221 Mich. 548, 552;

"It cannot be assumed that the many mistakes made were all due to carelessness. In our opinion they might have been expected to follow, naturally and necessarily, from the use by defendant of a name so similar to that of plaintiff."

In so-called unfair competition cases the situation usually presented is one in which the defendant, by imitating plaintiff's name, has reaped some benefit at plaintiff's expense. Defendants here contend that there is no competition between them and plaintiff and that defendants have gained no benefit from the use of the name in question to the detriment of the plaintiff. It apparently is true that plaintiff's building is a far more pretentious one than defendants', catering to a different type of tenants. It, also, is true that both buildings are now filled to capacity and can be kept so, under present economic conditions, without appreciable competitive effort. However, both the plaintiff and defendants are engaged in the same general, competitive business of securing tenants for their available office space. When office space becomes more available in Detroit, the competition will become more apparent. It is the very fact that both operate office buildings for business tenants who, in turn, are patronized by the public, which gives occasion for the confusion caused by the similarity of names. We are in accord with the following language contained in the opinion of the trial court:

"There is no doubt that tenants seeking office space would be likely to take into consideration the fact that there were two buildings with names so similar that the public and their clients might be confused; that this would lead to definite injury to the plaintiff in the renting of space and may also lead to lack of prestige and reputation in the public mind to the detriment of the plaintiff's building."

Whether or not the defendants benefit from the resultant loss to plaintiff is not the test. It is the injury to plaintiff which the remedy may be invoked to prevent. Nor is it necessary to be shown that actual loss has already occurred.

"It is sufficient if injury to the plaintiff's business is threatened or imminent to authorize the court to intervene to prevent its occurrence." Nims on Unfair Business Competition, § 226.

The decree of the trial court enjoining the defendants from using the name "Michigan Bank Building" or "The Michigan Bank Building" or any other name in which the word "Michigan" is similarly the dominant or master word as the name of defendants' building is affirmed, with costs to plaintiff.

Carr, C. J., and Butzel, Bushnell, Sharpe, Boyles, Reid, and North, JJ., concurred.