THE FAIR—SOUTH FLINT PLAZA, INC., *v.*
SHOPPERS FAIR OF FLINT, INC.

1. CORPORATIONS—NAMES—FRAUD—EVIDENCE.
   Finding that defendant, a foreign corporation about to open a self-serve, cash-and-carry department store a mile distant from plaintiff's department store, where credit is extended, was not guilty of fraud or wilful misconduct in using the word "Fair" in its name, a word also in plaintiff's name, *held,* supported by the record (CLS 1956, § 450.6).

---

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 13 Am Jur, Corporations § 137; 52 Am Jur, Trademarks, Trade-names, and Trade Practices § 131.
   Protection of business or trading corporation against use of same or similar name by another corporation. 66 ALR 948; 115 ALR 1241.

2. SAME—NAMES—DEPARTMENT STORE—INJUNCTION.

> The names "The Fair" and "Shoppers Fair" as used by corporations operating department stores a mile apart *held*, not so similar in and of themselves as to justify granting an injunction to prohibit use of latter term by corporation about to open its store (CLS 1956, § 450.6).

3. SAME—NAMES—CONFUSION OF PUBLIC—INJUNCTION.

> Evidence that proposed self-serve, cash-and-carry department store operated under the name "Shoppers Fair" about a mile away from plaintiff's credit-extending department store operated under the name "The Fair" had created unfair competition by assuming a name which was likely to mislead the public *held*, insufficient to justify issuance of injunction, hence, decree granting such relief is set aside without prejudice to plaintiff's right for future action (CLS 1956, § 450.6).

Appeal from Genesee; Gadola (Paul V.), J. Submitted January 12, 1960. (Docket No. 49, Calendar No. 48,102.) Decided February 25, 1960.

Bill by The Fair-South Flint Plaza, Inc., a Michigan corporation, against Shoppers Fair of Flint, Inc., a Delaware corporation, to restrain use in its business name of similar words tending to cause confusion. Decree for plaintiff. Defendant appeals. Reversed.

*Hoffman & Rubenstein (Gilbert Y. Rubenstein,* of counsel), for plaintiff.

*Gault, Davison & Bowers (Cole, Grimes, Friedman & Deitz,* of counsel), for defendant.

KELLY, J. Plaintiff sells general merchandise in the city of Flint, operating a store known as "The Fair." Defendant appeals from a decree preventing "the use of the words 'The Fair' or 'Fair' in and about their advertising, signs or business," designating a department store defendant planned opening 1 mile distant from plaintiff's store in the same city.

The applicable statute provides (CLS 1956, § 450.6 [Stat Ann 1957 Cum Supp § 21.6]):

"No corporation shall assume any name which is likely to mislead the public, or any name already in use by any other existing corporation of this State, or corporation lawfully carrying on business in this State, or so nearly similar thereto as to lead to confusion or deception: Provided, That in the case of a foreign corporation applying for admission to this State whose name is similar to that of any domestic corporation or of any foreign corporation already admitted into this State, but each having respectively the name of a different locality as a part of its corporate name, such names so distinguished shall not be deemed sufficiently similar as to lead to confusion or deception."

Appellant is a Delaware corporation, qualified to do business in Michigan, and its parent company makes purchases for its 125 subsidiary-owned stores located in several States. Eight of these stores in the midwest and east are operating under the name of "Shoppers Fair;" 1 of the 8 being in Detroit, and, at the time of trial, a store was being constructed in Saginaw also to be known as "Shoppers Fair."

Recognizing this fact, the decree of the court provided "that the injunction herein granted shall not prevent the defendant from using the name, designation, and printing that they have on their copyrighted packaged articles."

The trial court's finding that appellant was not guilty of fraud or wilful misconduct was supported by the record.

Appellee operates "The Fair" as a regular department store, with numerous departments, and the merchandise sold in each department is paid for by the customer at the department where it is selected.

Appellant's plan of operation differs as it will operate as is customary for supermarkets, with push-

carts, self-serve, and payment to cashier at the point of exit from the store.

Appellant's phone was listed in the telephone directory under the letter "S" and appellee's under the letter "F."

Appellant's method of merchandising will differ from appellee's because it will not offer layaway plans, charge accounts, or credit facilities of any kind.

In *Michigan Savings Bank* v. *Dime Savings Bank,* 162 Mich 297 (139 Am St Rep 558), we stated (pp 299, 300):

"Courts of equity are frequently called upon to remedy conditions which grow out of the use by a corporation of a name similar to the name of another corporation, carrying on a business of the same character. In such cases it is usually, if not always, true that relief is granted because experience has demonstrated that the public is misled, and the corporation first established is defrauded on account of the similarity of the names. * * *

"We are not impressed that the testimony introduced on the part of complainant supports even the conjecture that the public, using ordinary care, will be misled by the alleged similarity of the names of these corporations. * * * In enforcing a statute intended to prevent some of these results, it must be made to appear that it is reasonably certain they will follow the use of the name sought to be enjoined."

In *Young & Chaffee Furniture Co.* v. *Chaffee Brothers Furniture Co.,* 204 Mich 293, we held that the names were not so nearly similar as to be liable to cause uncertainty and confusion and that a court of equity should not issue the stringent writ of injunction upon the bare possibility of confusion by the careless and indifferent reader.

*Moon Brothers, Inc.,* v. *Moon,* 300 Mich 150, not only cited with approval *Young & Chaffee Furniture Co.* v. *Chaffee Brothers Furniture Co., supra,* but at

page 165 quoted the following from *Central Mutual Auto Insurance Co.* v. *Central Mutual Insurance Company of Chicago,* 275 Mich 554, 560:

" 'There may be some confusion resulting from the similarity of the names of plaintiff and defendant, but the confusion of which the court takes cognizance must be something more than that resulting from carelessness or ignorance on the part of the uninformed. The strong arm of a court may not, in equity and good conscience, be invoked on account of anything over which defendant has no control.' "

In determining whether the names "The Fair" and "Shoppers Fair" are so similar as to cause confusion justifying injunctive relief, we keep in mind *Grand Rapids Furniture Co.* v. *Grand Rapids Furniture Shops,* 221 Mich 548, 552, wherein we said: "It is the words of a name which the eye first catches or rests upon which fix it in our minds." Also, *Metal Craft Co.* v. *Metalcraft Heater Corporation,* 255 Mich 642, 645, where we stated:

"In the hurry of business, it is usual, in referring to a corporation, to shorten its title to the first or the distinctive word or words of the name.   *   *   *
" 'Metal Craft' dominates the names of both plaintiff and defendant, both because of its distinction and inherent force and because of its position at the commencement of their titles."

The names "The Fair" and "Shoppers Fair" are not so similar in and of themselves to justify the granting of the injunction.

In the absence of apparent confusing similarity in the names, it was incumbent upon appellee to offer substantial proof that appellant had created unfair competition and had assumed a "name which is likely to mislead the public."

Seventy-five people were employed in appellee's store, handling approximately 4,000 daily transac-

tions. Appellee's proof was confined to the testimony of 2 employees and the manager. Their testimony referred to inquiries about the new store over a 2- to 3-month period after the newspaper announcement of the contemplated construction of appellant's store and its placing of a sign on the building site.

One employee testified that probably 100 customers had asked "when we are going to open up our store," and the other employee stated that about 25 customers had asked "when the new store is going to open." The manager did not testify as to the number of customers he claimed were confused, but stated:

"Well, on numerous occasions people would ask if we were going to supervise the store, have our same people supervise that store as we had downtown, if we were going to carry the same merchandise in the Shoppers Fair as we do in this store; if any of our help were to be transferred from this store to that store."

Appellant's store was in the course of construction at the time of trial and, consequently, there was no testimony by customers who made a purchase from appellant's store with the belief they were dealing with appellee.

Testimony disclosing that appellant's store might be operated in the future in such a way to confuse the public is not sufficient to justify injunctive relief. See *Burns* v. *Schotz,* 343 Mich 153.

There was not sufficient proof that "Shoppers Fair" was a "name which is likely to mislead the public" to justify an injunction.

The decree granting the injunction is set aside, without prejudice to appellee's right for future action. Costs to appellant.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.