BELVIDERE LAND COMPANY v. OWEN PARK PLAZA, INC.

1. EVIDENCE—HEARSAY.
   Assertions which have not been in some way subjected to the test of cross examination and are offered testimonially are rejectable as hearsay.

2. SAME—HEARSAY—TELEPHONE CALLS.
   The hearsay rule does not bar testimony of plaintiff's apartment building manager that telephone calls were received by him and that the callers asked for defendant's nearby apartment with a name that was in part the same as that of plaintiff, since such information lay within the personal knowledge of the witness.

3. SAME—HEARSAY.
   An extrajudicial utterance that is offered testimonially, not as an assertion to evidence the matter asserted, but without reference to the truth of the matter asserted is not obnoxious to the hearsay rule.

4. CORPORATIONS—NAMES—CONFUSION.
   The public policy of the State with respect to names of corporations is that no corporation shall assume any name which is

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]  20 Am Jur, Evidence § 454.
[2]  20 Am Jur, Evidence § 365.
[4–6]  13 Am Jur, Corporations § 132.
    Protection of business or trading corporation against use of same or similar name by another corporation.   66 ALR 948, 115 ALR 1241.
[7]  13 Am Jur, Corporations § 134.

likely to mislead the public, or any name already in use by any other existing corporation, domestic or foreign, carrying on business herein, or so nearly similar thereto as to lead to confusion or deception (CLS 1956, § 450.6).

5. SAME—NAMES—STATUTES.

The naming by defendant corporation of its apartment building, as the *Owen Park Plaza*, located some 200 feet from plaintiff's previously established *Owen Park Apartments* violated the intent of statute relative to use of names by corporations by virtue of including identical dominant words in the name (CLS 1956, § 450.6).

6. SAME—NAMES—CONFUSION—EVIDENCE.

Proofs adduced by corporate owner of *Owen Park Apartments* were adequate to establish that after defendant corporation erected a nearby apartment named *Owen Park Plaza* there was probable and actual confusion and misleading of the public, where numerous telephone and personal calls diverted the plaintiff's building manager from his normal duties (CLS 1956, § 450.6).

7. TRADE-MARKS, TRADE-NAMES AND UNFAIR COMPETITION — GEOGRAPHIC AND PLACE NAMES — CONFUSION OF PUBLIC — INJUNCTION.

Geographic and place names may be used by all for indicating the location of a business subject to the proviso that any such use which occasions actual or probable confusion, or misleading of the public, constitutes unfair competition and may be enjoined (CLS 1956, § 450.6).

Appeal from Wayne; Souris (Theodore), J. Submitted October 4, 1960. (Docket No. 1, Calendar No. 48,259.) Decided December 2, 1960.

Bill by Belvidere Land Company, a Michigan corporation, and Charles Layton, doing business as Owen Park Apartments, against Owen Park Plaza, Inc., a Michigan corporation, to enjoin use of name. Decree for plaintiffs. Defendant appeals. Affirmed.

*Harry N. Grossman,* for plaintiffs.

*Wm. Henry Gallagher* (*Abraham Satovsky,* of counsel), for defendant.

EDWARDS, J.   In spite of the rich variety of possibilities which life and language afford, these litigants are engaged in a dispute over whether or not defendant may name its apartment building Owen Park Plaza when plaintiffs already own one nearby named Owen Park Apartments.

Owen park is a public park in the city of Detroit, extending from East Jefferson at Iroquois to the Detroit river.   In 1940–1941 plaintiff corporation built a 24-unit apartment building at 825 Iroquois, adjacent to the corner of East Jefferson and across the street from Owen park.   The building was named Owen Park Apartments.   A sign with that name was placed on the building and the name was listed in the phone book.   In 1949 plaintiff Charles Layton, sole stockholder of plaintiff Belvidere Land Company, filed a certificate with the Wayne county clerk under CLS 1956, § 445.1 (Stat Ann 1959 Rev § 19.821), indicating that he was doing business under the assumed name of Owen Park Apartments.

In 1953 defendant was incorporated with the Michigan corporation and securities commission, under the name Owen Park Plaza, Inc.   And in 1954 defendant corporation built an apartment building 200 feet across Jefferson from plaintiffs' building, and abutting Owen park.   It placed a sign on this building reading Owen Park Plaza.   When written protest failed to cause defendant to remove or change the sign, plaintiffs filed this suit alleging confusion and unfair competition, and seeking a permanent injunction against use of the name.

At the hearing, the manager of plaintiffs' Owen Park Apartments testified that after the Owen Park Plaza opened, he received 10 to 15 calls a week inquiring about rentals in the new apartment building —that the calls interfered with his work—that the telephone listing under Owen Park Apartments was taken out of the phone book, but that he still had

from 1 to 5 visitors in person each day inquiring about the Owen Park Plaza or its residents.

The circuit judge held that there was actual and prospective confusion:

"It requires no more than a reading of the names involved herein, 'Owen Park Apartments,' and 'Owen Park Plaza,' to realize that confusion must naturally and necessarily result from the readily apparent similarity of names of apartment buildings in such close proximity to one another. But, lest confusion alone be not sufficient justification for the exercise of the court's injunctive powers, it is appropriate to examine plaintiff's claimed injury.

"As noted above, the only evidence of injury offered by plaintiffs was testimony relating to the not inconsiderable inconvenience to the manager of plaintiff corporation's apartment building in answering the aforedescribed telephone and personal inquiries and the resultant interference with his work, to say nothing of his 'rest at night.' Without implying that such evidence was insufficient to establish injury to plaintiff corporation, reference is again made to *220 Bagley Corporation* v. *Julius Freud Land Co.*, 317 Mich 470, 477, where the Supreme Court said that it is not necessary to show that actual loss has already occurred and then quoted the following from Nims on Unfair Business Competition, § 226:

" 'It is sufficient if injury to the plaintiff's business is threatened or imminent to authorize the court to intervene to prevent its occurrence.'

"The competent evidence offered at the trial does not disclose the reason for plaintiff corporation's discontinuance of its telephone listing under the name, 'Owen Park Apartments,' but it can be safely inferred from that competent evidence which was offered that the harassing and frequent telephone inquiries referred to above compelled its discontinuance after defendant had refused the plaintiffs' requests to change the name of 'Owen Park Plaza.' Discontinuance of a telephone listing under a name

theretofore used for upwards of 15 or 16 years, compelled under such circumstances as herein involved, cannot be considered an insignificant loss, particularly in view of the fact that such a telephone listing may well be a factor of convenience considered by tenants and prospective tenants of plaintiff corporation's apartment."

He issued a permanent injunction restraining defendant from employing the name Owen Park Plaza on its apartment building. Relying on CLS 1956, § 450.6 (Stat Ann 1959 Cum Supp § 21.6), which forbids a corporation assuming any name "which is likely to mislead the public," he also enjoined defendant's use of "Owen Park" in its corporate name.

On appeal, defendant contends that the circuit judge erred in admitting hearsay evidence of plaintiffs' building manager, that the names of the apartments are distinguishable and that plaintiffs did not sustain the burden of proof in relation to confusion and unfair competition, and further that "Owen Park" was a geographic or place name not subject to exclusive appropriation.

As to the evidentiary issue, defendant-appellant concedes that the fact of plaintiffs' manager receiving the phone calls is admissible, but contends that identification of these calls as inquiries about Owen Park Plaza represents inadmissible hearsay.

We regard the circuit judge's ruling as correct.

Appellant relies upon Wigmore test of hearsay:

"The hearsay rule, as accepted in our law, signifies *a rule rejecting assertions, offered testimonially, which have not been in some way subjected to the test of cross-examination.*" 5 Wigmore on Evidence (3d ed), § 1362.

We do not, however, deal here with an assertion by a third party who is not subject to cross examination. The building manager testified (1) that calls were received by him; and (2) that these callers asked for

the Owen Park Plaza. This information lay within his personal knowledge. He was available for cross examination as to the truth of these assertions. The hearsay rule does not bar such evidence.

In this regard, Wigmore says:

"The true nature of the hearsay rule is nowhere better illustrated and emphasized than in those cases which fall without the scope of its prohibition. The essence of the hearsay rule is the distinction between the testimonial (or assertive) use of human utterances and their nontestimonial use.

"The theory of the hearsay rule (*ante,* § 1361) is that, when a human utterance is offered as evidence of the truth of the fact asserted in it, the credit of the assertor becomes the basis of our inference, and therefore the assertion can be received only when made upon the stand, subject to the test of cross-examination. If, therefore, an extrajudicial utterance is offered, not as an assertion to evidence the matter asserted, but *without reference to the truth of the matter asserted,* the hearsay rule does not apply. The utterance is then merely not obnoxious to that rule. It may or may not be received, according as it has any relevancy in the case; but if it is not received, this is in no way due to the hearsay rule." 6 Wigmore on Evidence (3d ed), § 1766.

See, also, *Koch* v. *Production Steel Co.,* 344 Mich 161; *State* v. *Rhoten,* 174 Kan 394 (257 P2d 141).

As to the principal issue, a Michigan statute sets out a public policy applicable to corporations:

"No corporation shall assume any name which is likely to mislead the public, or any name already in use by any other existing corporation of this State, or corporation lawfully carrying on business in this State, or so nearly similar thereto as to lead to confusion or deception." CLS 1956, § 450.6 (Stat Ann 1959 Cum Supp § 21.6).

We agree with the circuit judge's conclusion that the misleading sought to be avoided by statute is

inherent in the naming of 2 apartment buildings so close to one another with names including identical dominant words. *Grand Rapids Furniture Co.* v. *Grand Rapids Furniture Shops,* 221 Mich 548; *Metal Craft Co.* v. *Metalcraft Heater Corporation,* 255 Mich 642; *220 Bagley Corporation* v. *Julius Freud Land Co.,* 317 Mich 470. Further, we regard plaintiffs' proofs as adequate to establish that confusion did indeed result.

The only remaining question is whether or not the dominant words "Owen Park" were geographic words not subject to exclusive appropriation. It should be noted that the statutory language contains no exception as to place names. Further, the general rule is that geographic and place names may be used by all for indicating the location of a business, subject to the proviso that any such use which occasions actual or probable confusion, or misleading of the public, constitutes unfair competition and may be enjoined. *Furniture Manufacturers Association of Grand Rapids* v. *Grand Rapids Guild of Exhibitors,* 268 Mich 685; *Michigan Savings Bank* v. *Dime Savings Bank,* 162 Mich 297 (139 Am St Rep 558); *Capehart* v. *Lund* (DC Alaska), 107 F Supp 10; *Rochester Savings Bank* v. *Rochester Savings & Loan Association,* 170 Misc 983 (11 NYS 2d 130).

See, also, 3 Restatement, Torts, § 716.

In the current case, the 2 apartment houses were offering similar accommodations in close proximity to one another. We believe that the evidence supports the circuit judge's holding that both probable and actual confusion and misleading were established.

Affirmed. Costs to appellees.

Dethmers, C. J., and Carr, Kelly, Smith, Black, and Kavanagh, JJ., concurred.

Souris, J., did not sit.