TAYLOR SUPPLY COMPANY *v.* SAGINAW HARDWARE COMPANY.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ONE DEFENDANT'S FAILURE TO APPEAL FROM DECREE.

No discussion of claims of defendant telephone company, made by it in circuit court in suit to enjoin it from listing name of corporate codefendant in telephone directory under a name commencing with the same word as corporate plaintiff's first name, is required, where telephone company did not appeal from decree granting the injunctive relief sought and dismissing such defendant's cross bill of complaint.

2. CORPORATIONS—NAMES—MISLEADING OF PUBLIC—CONFUSION.

No new or existing corporation may assume a name or change its name to one which is likely to mislead the public, or any name already in use by any other existing corporation of this State or lawfully carrying on business in this State, or so nearly similar thereto as to lead to confusion or deception (CL 1948, §§ 450.6, 450.60).

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur, Appeal and Error § 206.
[2, 3] 13 Am Jur, Corporations § 132 *et seq.*
Protection of corporate name. 115 ALR 1241

3. Same—Similarity of Names—Confusion—Injunction.

> Injunction was properly granted plaintiff Taylor Supply Company against defendant Saginaw Hardware Company to prevent latter from changing its name to Taylor Company, thereby using the surname of the corporation's stockholders in its corporate name, where both companies were engaged in the same general line of plumbing and industrial supplies business, and it appears that some confusion had already existed in the use of the name Harry W. Taylor Company also engaged as a competitor in a similar business in the same community, in order to avoid confusion from similarity of names arising from their use in the same community (CL 1948, §§ 450.6, 450.60).

Appeal from Saginaw; Borchard (Fred J.), J. Submitted October 17, 1961. (Docket No. 81, Calendar No. 49,150.) Decided March 16, 1962.

Bill by the Taylor Supply Company, a Michigan corporation, against Saginaw Hardware Company and Michigan Bell Telephone Company, both Michigan corporations, to enjoin use and designation of name "Taylor" in its business advertising and telephone directory listing. Decree for plaintiff. Defendant Saginaw Hardware Company appeals. Affirmed.

*Kramer, Morris, Stark, Rowland & Regan,* for plaintiff.

*Colombo, Colombo, Colombo & Vermeulen,* for defendant Saginaw Hardware Company.

Carr, J. Plaintiff corporation was organized in 1910 by Harry W. Taylor and James P. Feely, Jr. Since that time it has been engaged in dealing in various articles and supplies, in the lower peninsula of Michigan, in accordance with its purposes as set forth in the articles of incorporation, which purposes are as follows:

"To purchase, lease or otherwise acquire lands and buildings for the erection and operation of factories, workshops, and warehouses, with suitable equipment for manufacturing, buying and selling, plumbing, engineering and foundry supplies; to manufacture, buy, sell, import, export and deal in valves, fittings, pipes, steam specialties, waterworks and mill supplies, also brass goods, machinery parts, pumps, pulleys, hangers, tools and boilers. In general to carry on any other business, whether manufacturing or otherwise pertaining to the marketing of the aforesaid lines and accessories thereto."

In 1945 Mr. Taylor sold his stock in plaintiff corporation and organized the Harry W. Taylor Company for purposes of carrying on business as wholesale distributors of fabricated pipe valves, fittings, plumbing, and industrial supplies and all business incidental thereto, and generally to deal in goods usually dealt in by wholesale houses. It is not disputed that the business of Harry W. Taylor Company was very similar in character to that of plaintiff. Apparently some confusion resulted, but it does not appear that plaintiff company complained of the operations of its competitor. In any event, no action was brought to enjoin the use of the name "Harry W. Taylor Company."

The Saginaw Hardware Company was formed to carry on a retail hardware business and also a "general plumbing and gas-fitting business and dealing in plumbing and gas-fitting supplies and articles." At the time of the hearing of this case in circuit court the capital stock of the hardware company was owned by the Harry W. Taylor Trust, Robert H. Taylor, president of the Harry W. Taylor Company, and his mother. Robert H. Taylor was also president of the hardware company, and it appears that another corporation owned by him had purchased property in the city of Saginaw and

leased it to the Saginaw Hardware Company for the carrying on of its business. In the conduct of such business the company used the catalog of Harry W. Taylor Company and engaged principally in selling plumbing and heating supplies. It appears from the proofs that it engaged in the sale of articles similar to those handled by the plaintiff.

It is not disputed that it was the desire of the owners of the Saginaw Hardware Company to change its name. On the cover of the catalog referred to there was fixed a sticker reading:

"Taylor Company, Wholesale Distributors, 406 North Hamilton street, Saginaw, Michigan, PLeasant 3–7766."

The address so given was that of the Saginaw Hardware Company. It further appears that said company sought a listing in the directory of the Michigan Bell Telephone Company, covering the Saginaw-Bay City area, under the name of "Taylor Company", and that said company also sought to advertise in the yellow pages of the directory indicating therein that it was dealing in plumbing and heating supplies and also in pipe and well-drilling supplies. Similar advertising was sought for telephone directories to be issued by defendant telephone company in other municipalities in proximity to the Saginaw-Bay City area.

Plaintiff instituted the present suit for the purpose of obtaining injunctive relief against the use of the name "Taylor Company" by defendant hardware company and the listing referred to in the directories of defendant telephone company. It was the claim, as set forth in the pleading, that confusion would necessarily result from the use of the name in question, and that plaintiff would be injured in its business operations as a result. Answer to the bill of complaint was filed on behalf of the Saginaw,

Hardware Company, in substance denying plaintiff's right to the relief sought. The other defendant also filed answer, and a cross bill seeking affirmative relief.

Following the hearing of the case in circuit court an opinion was filed by the circuit judge hearing the matter in which he held that plaintiff was entitled to the relief sought. It was pointed out that the proofs showed that confusion had resulted because of the similarity of the names of the plaintiff and Harry W. Taylor Company, which were handling similar products in the same territory, and that greater confusion would occur if defendant hardware company were permitted to carry on its business under the name "Taylor Company." A decree was entered granting the injunctive relief sought and dismissing the cross bill of complaint filed by the telephone company. No appeal has been taken by said company, and no discussion of its claims in circuit court is required. The Saginaw Hardware Company has appealed to this Court, stating the question at issue as follows:

"May the defendant, Saginaw Hardware Company, a Michigan corporation, change its name to Taylor Company, when it is a wholly-owned subsidiary of Harry W. Taylor Company, a Michigan corporation, the surname of all of its stockholders being 'Taylor', over the objection of the plaintiff, Taylor Supply Company, a Michigan corporation, upon the ground that the adoption of said name by the defendant is prohibited by CLS 1956, § 450.6 and CL 1948, § 450.601 (Stat Ann 1959 Cum Supp § 21.6 and Stat Ann § 21.271), all of said corporations being engaged in the same business throughout lower Michigan, and there being no evidence that defendant has held itself out as being plaintiff or associated with plaintiff?"

The finding of the trial court that confusion had

resulted because of the similarity of the names of the plaintiff and Harry W. Taylor Company was supported by testimony indicating that plaintiff had frequently received communications intended for Harry W. Taylor Company, that the number thereof was approximately 4 or 5 a week, and that they had been forwarded to the corporation for which they were intended. The testimony indicated that such confusion had existed from the time that the Harry W. Taylor Company was organized in 1945. That the use of the name "Taylor Company" by the defendant Saginaw Hardware Company in the advertising and carrying on of its business would result in further, and probably greater, confusion is a fair assumption. Defendant's position seems to be predicated primarily on the proposition that because the capital stock of the hardware company is owned by persons having the surname "Taylor" the business should be allowed to be carried on under that name. It is argued that one has a right to use his own name in his business. However, we are dealing in the case with the issue of similarity of *corporate* names.

Section 6 of the general corporation act of the State* (CLS 1956, § 450.6 [Stat Ann 1959 Cum Supp § 21.6]) reads, in part, as follows:

"No corporation shall assume any name which is likely to mislead the public, or any name already in use by any other existing corporation of this State, or corporation lawfully carrying on business in this State, or so nearly similar thereto as to lead to confusion or deception: Provided, That in the case of a foreign corporation applying for admission to this State whose name is similar to that of any domestic corporation or of any foreign corporation already admitted into this State, but each having respectively the name of a different locality as a part of its corporate name, such names so dis-

* PA 1931, No 327, as amended (CL 1948, § 450.1 *et seq.*, as amended [Stat Ann and Stat Ann 1959 Cum Supp § 21.1 *et seq.*]).

tinguished shall not be deemed sufficiently similar as to lead to confusion or deception."

CL 1948, § 450.601 (Stat Ann § 21.271), which section relates to a change in name by a corporation, provides that:

"No 2 corporations shall assume the same name, nor a name that shall be so similar as to be liable to mislead."

Plaintiff relies on these statutory provisions as indicative of the general policy of the State with reference to the matter at issue in the instant case. That the legislature so intended is not open to question. Such provisions, or the antecedents thereof, have been repeatedly referred to in prior decisions of this Court. In *Lamb Knit-Goods Co.* v. *Lamb Glove & Mitten Co.,* 120 Mich 159 (44 LRA 841), the plaintiff sought injunctive relief to prevent defendant from operating under the corporate name that it had assumed. Plaintiff acquired from Isaac W. Lamb, one of the defendants in the case, the property, business and good will of the Lamb Knitting Company and continued the conduct of the business of manufacturing and selling knit goods. Mr. Lamb was employed for a number of years as superintendent of plaintiff corporation, but finally left its employ and organized, with others, the defendant company. In discussing the main issue presented by the pleadings and proofs in the case, the Court said (p 163):

"The case narrows down to the single question whether the defendant infringed the rights of complainant by the use of a corporate name so similar to that of complainant as to mislead the public, and, if so, what remedy ought to be applied. There can be no doubt that by the transfer to the complainant of the good will of the Lamb Knitting Company it was the intention of the defendant Lamb to grant

the right to use his name in connection with the complainant's business. In fact, he assisted in organizing the corporation, and became a stockholder in the complainant company. The statute (3 How Stat [1890 Supp], § 4161a) authorizes the formation of a corporation, and provides that no 2 companies shall assume the same name, or a name so similar as to be liable to mislead. It is contended that the defendant Lamb had entered into no express agreement not to use his own name, and that Mr. Lamb, in making a sale of the Lamb Knitting Company to the complainant, was acting on behalf of the Concord company, and that the Concord company could not, and Mr. Lamb did not, sell the exclusive right to use Mr. Lamb's name, nor undertake that he would not engage in any similar business elsewhere. It appears, however, that the proposition to the promoters of complainant came from Mr. Lamb, and, as before stated, he is estopped from asserting that the company did not take its name rightfully."

The Court further concluded that the use of the word "Lamb" in defendant's name had resulted in dealers in the manufactured products of the parties being misled, and that the similarity of names was such as to mislead the public, to the prejudice of the plaintiff. Accordingly an injunction was authorized by this Court restraining defendant from continuing to use the name in dispute, or any name in which the word "Lamb" appeared.

In *Metal Craft Co.* v. *Metalcraft Heater Corporation,* 255 Mich 642, plaintiff sought to enjoin defendant from using the term "Metalcraft" in its corporate name. It was shown that plaintiff and defendant, each dealing largely with manufacturers of automobiles, might become competitors in the sale of their products. Referring to the statute then in effect, forbidding a corporation to assume a name used by an existing corporation of the State or carrying on business herein, or so nearly similar

as to cause confusion or deception, it was said (pp 644, 645):

"The statute prohibits confusion of corporate names without regard to whether unfair competition results. *Grand Rapids Furniture Co.* v. *Grand Rapids Furniture Shops,* 221 Mich 548.

"The test of the statute is that the confusion must be such as would exist in the mind of a person of ordinary intelligence, and it is not sufficient that careless and indifferent readers of names would be confused as to the identity of corporations. *Young & Chaffee Furniture Co.* v. *Chaffee Brothers Furniture Co.,* 204 Mich 293.

"Actual confusion need not be shown, but it is sufficient that confusion is probable or likely to occur. 66 ALR 972."

The Court further pointed out that the probability of confusion was apparent, and had in fact been demonstrated by certain incidents that had occurred, as established by testimony in the case. The injunctive relief sought was accordingly granted.

The case last cited was followed in *Universal Credit Co.* v. *Dearborn Universal Underwriters Credit Corp.,* 309 Mich 608. The Court referred to the statute forbidding the use of corporate names so similar as to mislead the public or result in confusion. The controversy was largely concerned with the use by defendant of the word "Universal" in its name. The Court concluded that it was within the inhibition of the statute as interpreted in prior decisions, and that plaintiff was entitled to the relief sought. The decree entered by the circuit court granting such relief was affirmed.

We think that the statutory provisions quoted and the decisions in the prior cases above considered are decisive of the controlling issue in the instant controversy. It is, of course, true that each case must be determined in the light of the facts involved. Our

review of the record before us leads to the conclusion that the trial judge was correct in holding that the testimony as to what had occurred with reference to the operations of plaintiff and Harry W. Taylor Company, together with the obvious similarity of names, was such as to warrant a finding that added confusion would follow if defendant hardware company were permitted to assume the name "Taylor Company." See, also, as to the general principles involved in equitable suits for injunctive relief because of the assumption of a name already in use in the same or similar business in a particular locality, or a name so similar as to cause confusion: *Finney's Orchestra* v. *Finney's Famous Orchestra,* 161 Mich 289 (28 LRA NS 458); *Belvidere Land Company* v. *Owen Park Plaza, Inc.,* 362 Mich 107.

The decree entered in circuit court is affirmed. Plaintiff may have costs.

DETHMERS, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., took no part in the decision of this case.