WILLS v. ALPINE VALLEY SKI AREA, INC.

1. TRADE-MARKS, TRADE NAMES, AND UNFAIR COMPETITION—COMMON LAW—STATUTES—INJUNCTION—CONFUSION OF PUBLIC—DAMAGES. Confusion of the public resulting in actual and substantial injury to the plaintiff must be shown in a suit to enjoin use of name whether suit is brought under statute forbidding a corporation to assume any name likely to mislead the public or under the common law (CLS 1956, § 450.6, as amended by PA 1961, No 15).

2. SAME—ALPINE—INJUNCTION—CONFUSION OF PUBLIC—DAMAGES. Record in suit to enjoin defendant corporation from use of word *Alpine* in its corporate name *Alpine Valley Ski Area, Inc.*, brought by plaintiff individuals and corporation operating under assumed name of *Alpine Ski & Sport Shop, held*, to support trial court's conclusion that plaintiffs had failed to prove the existence of such confusion that actual and substantial injury had occurred or likely would occur to plaintiffs (CLS 1956, § 450.6, as amended by PA 1961, No 15).

Appeal from Oakland; Beer (William John), J. Submitted December 4, 1962. (Calendar No. 83, Docket No. 49,638.) Decided January 11, 1963.

Bill by Robert F. Wills and Henry H. Gleisner, doing business as Alpine Ski & Sport Shop, and St. Lawrence Sales, Inc., a Michigan corporation, against Alpine Valley Ski Area, Inc., a Michigan

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 52 Am Jur, Trade-Marks, Trade Names, and Trade Practices §§ 127–136, 142.

corporation, to enjoin use of name. Bill dismissed. Plaintiffs appeal. Affirmed.

*Jack W. Hutson,* for plaintiffs.

*Joseph F. Kosik* (*Howlett, Hartman & Beier,* and *James L. Howlett,* of counsel), for defendant.

SOURIS, J. The individual plaintiffs have conducted a retail store in the city of Birmingham in Oakland county since 1957 under the assumed name of Alpine Ski & Sport Shop. In July of 1960 the defendant was incorporated, and since November of that year has done business, as Alpine Valley Ski Area, Inc. Plaintiffs appeal from the chancellor's denial of their prayers for injunctive relief to restrain defendant's use in its name of the word "Alpine" and for money damages.

From the proofs it appears that plaintiffs sell athletic clothing and equipment, including that used by skiers, and they also rent and repair ski equipment. The defendant corporation operates a recreational area during the winter months where the public may go to ski. Defendant rents ski equipment at its place of business and a concessionaire, operating under his own distinctive name, sells some skiing equipment on defendant's premises. Plaintiffs' witnesses testified that beginning in November of 1960 and extending through the middle of February of 1961, plaintiffs' employees received 127 telephone calls intended for defendant. Some of the callers requested to speak to employees of defendant or made inquiry concerning such employees. It appears from the proofs that defendant's business, located in a rural area in the county of Oakland about 20 miles from plaintiffs' store, was serviced by an independent telephone company and that defendant's telephone service was not operative during

part of this period. Furthermore, its telephone number was not listed in metropolitan telephone books where normally it would be expected to be found.

Plaintiffs' proofs included evidence that some of their customers had inquired whether the defendant's ski area was owned by the plaintiffs. Plaintiffs' advertising consultant testified that even he thought there was some connection between the ski area and his client and that when he learned there was none he altered the services he performed for plaintiffs in order to define more clearly the nature of the plaintiffs' business.

The chancellor concluded that plaintiffs' proofs failed to establish any actual and substantial injury or threat thereof. He also concluded that plaintiffs failed to prove such confusion in the public which would justify the issuance of an injunction as prayed. While recognizing that plaintiffs experienced some annoyance from the inquiries received by them shortly after defendant commenced its operations, he found that their proofs did not establish an injury for which legal redress was warranted.

Plaintiffs rely principally upon *First National Bank & Trust Co. of Kalamazoo* v. *First National Credit Bureau, Inc.*, 364 Mich 521; *Belvidere Land Co.* v. *Owen Park Plaza, Inc.*, 362 Mich 107; and *220 Bagley Corp.* v. *Julius Freud Land Co.*, 317 Mich 470. In each of those cases, it is significant to note that the parties were engaged in business either directly competitive or so closely related that confusion by the public or the likelihood thereof caused, or was likely to cause, actual and substantial injury to the plaintiff. In the *First National Bank Case,* the bank operated a charge account service for a large number of local retail stores thereby involving it in the collection of small debts, precisely the business in which the defendant credit bureau was en-

gaged. There was ample evidence in that case of actual confusion by the public and of actual damage to the plaintiff. In the *Belvidere Case,* both parties operated apartment buildings in close proximity and the similarity in names used was such that the resulting confusion and interruption of the plaintiff's manager in the performance of his duties required it to discontinue a telephone listing it had used for upwards of 15 or 16 years, which the chancellor found might well be a factor of convenience considered by tenants and prospective tenants of an apartment building in determining whether they wished to reside there. Finally, in the *Bagley Corporation Case* the court noted the likelihood of future injury to plaintiff's business in the event office space should become more available thereby increasing the competition between the parties' office buildings bearing similar names.

Although the plaintiffs did not plead CLS 1956, § 450.6, as amended by PA 1961, No 15 (Stat Ann 1961 Cum Supp § 21.6), they now also claim their right to relief based upon that statute which forbids a corporation to assume any name likely to mislead the public. Even had plaintiffs pleaded the statute, we do not believe they would be entitled to injunctive relief based thereon for the same reasons we do not believe they are entitled to such relief based upon common-law theories of unfair competition. Whether such actions are brought under the statute or under the common law, confusion of the public is required to be proved,—not just a confusion in the abstract which results from a similarity in the words of a business title or a product name but, rather, confusion which causes, or is likely to cause, the public to act in a manner which results in actual and substantial injury to the plaintiff.

Thus, this Court set aside the injunction granted by the chancellor in *The Fair-South Flint Plaza, Inc.,*

v. *Shoppers Fair of Flint, Inc.*, 358 Mich 640, in the absence of evidence that customers made purchases from defendant's store in the mistaken belief they were dealing with plaintiff. In *Furniture Manufacturers Ass'n of Grand Rapids* v. *Grand Rapids Guild of Exhibitors*, 268 Mich 685, we affirmed the grant of injunctive relief where we found that the confusion caused by similarity in the use of trade names was likely to mislead the public into purchasing products of defendant's members thinking they were the products of plaintiff's members. The same injurious result of confusing similarity between corporate names was considered controlling in the case of *Taylor Supply Co.* v. *Saginaw Hardware Co.*, 365 Mich 576, a case based upon the above-cited statutory prohibition.

In the case at bar the record supports the chancellor's conclusion that plaintiffs failed to prove the existence of such confusion that actual and substantial injury had occurred or likely would occur to plaintiffs. Accordingly, the decree dismissing the plaintiffs' bill of complaint is affirmed, with costs to defendant.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, and SMITH, JJ., concurred.

O'HARA, J., took no part in the decision of this case.