FURNITURE MANUFACTURERS ASS'N OF GRAND RAPIDS *v.*
GRAND RAPIDS GUILD OF EXHIBITORS.

1. Appeal and Error—Injunction—Appealable Order—Decision
on Merits.

Determination of whether or not order denying motion to set
aside an injunction is appealable without leave is not made
where all parties are desirous of decision on the merits (Court
Rule No. 60 [1931]).

2. Same—Injunction—Discretion of Court.

Granting or dissolving an interlocutory injunction is an exercise
of discretion by trial court with which Supreme Court will in-
terfere only upon a showing of palpable abuse.

3. Same—Abuse of Discretion—Definition.

Abuse of discretion, in order to warrant interference by Supreme
Court, must be such that upon consideration of facts upon
which trial court acted, an unprejudiced person can say there
was no justification or excuse for the ruling made.

4. Trade-Marks and Trade-Names—Misleading Public.

Courts should not lend their aid to schemes whereby the buying
public may be misled.

5. Same—Use of Geographical Words in Business Name.

Use of geographical words in a business name, where properly
descriptive, will not be enjoined in the absence of estoppel
or actual fraud, or public misleading.

6. Same—Injunction—Grand Rapids Furniture.

Injunction restraining Grand Rapids Guild of Exhibitors from
advertising, exhibiting or selling furniture manufactured else-
where as made in Grand Rapids or using word "guild," in
connection with term "Grand Rapids" in so doing, *held*,
proper, where furniture made in Grand Rapids had become
nationally and favorably known to the buying public.

Appeal from Kent; Verdier (Leonard D.), J.
Submitted June 7, 1934. (Docket No. 76, Calendar
No. 37,884.) Decided October 1, 1934. Rehearing
denied December 11, 1934.

Bill by Furniture Manufacturers Association of Grand Rapids, a Michigan corporation, and others against Grand Rapids Guild of Exhibitors, a Michigan corporation, to restrain the use of the name "Grand Rapids" on furniture not manufactured in Grand Rapids, Michigan, and other relief. From order denying motion to set aside injunction, defendant appeals. Affirmed.

*Francis D. Campau,* for plaintiffs.

*Knappen, Uhl, Bryant & Snow,* for defendant.

BUSHNELL, J. Grand Rapids Guild of Exhibitors, a nonprofit corporation, appeals without leave of this court from an order denying its motion to set aside an injunction which restrains it and those who are or may become its members from:

"A. In any manner selling or offering for sale, as the product of the factories of the city of Grand Rapids, Michigan, or as Grand Rapids furniture, any furniture not in fact the product of the factories of that city.

"B. From attaching or placing upon any furniture being offered for sale, any label, ticket or tag containing the words 'Grand Rapids,' unless such furniture was in fact manufactured at Grand Rapids, Michigan.

"C. From offering for sale or selling; from aiding or abetting the offering for sale, selling or advertising any furniture not actually made in the city of Grand Rapids, in such manner as to deceive the purchasing public, or assist in deceiving the purchasing public into the belief that said furniture is in fact the product of factories located in the city of Grand Rapids, Michigan.

"D. From using the name 'Guild' in connection with the words 'Grand Rapids' and/or in connection

with other words as the name, style or designation of an organization to promote in Grand Rapids, Michigan, the sale, or advertising for sale, of furniture not actually made in the city of Grand Rapids, Michigan.''

Upon the argument on the motion there was presented for consideration six opinions of the Federal Trade Commission, viz.: docket No. 1192, *Commission* v. *Kritzer* (11 F. T. C. 19); docket No. 1193, *Commission* v. *Grand Rapids Sales Co.* (11 F. T. C. 28); docket No. 1198, *Commission* v. *Chessler* (9 F. T. C. 324); docket No. 1225, *Commission* v. *Weil* (9 F. T. C. 333); docket No. 1243, *Commission* v. *Greenberger* (9 F. T. C. 304); docket No. 1244, *Commission* v. *Meyer* (10 F. T. C. 421), of which it is claimed the following from docket No. 1243 is a typical finding of fact (315):

''Paragraph six:    The city of Grand Rapids, Michigan, has been for many years and is now a large and important centre of the furniture industry in the United States, which fact is generally known to the public throughout the United States.    Furniture manufactured in the city of Grand Rapids has for many years enjoyed a widespread popularity, good will and demand throughout the United States. 'Grand Rapids furniture' is, and the public understands it to be, furniture manufactured in the city of Grand Rapids, in the State of Michigan.    There are among the purchasing public many who prefer Grand Rapids furniture to furniture made at points other than at Grand Rapids, Michigan.''

Appellees also submitted decrees which had been entered in the United States district courts of the western district of New York, the northern district of Ohio and the district of Rhode Island.    The material part of the decree entered June 25, 1919, in the case of the *Furniture Manufacturers' Ass'n of*

*Grand Rapids* v. *Conrad-Baisch-Kroehle Co.,* equity No. 337, in the district court of the United States for the northern district of Ohio, eastern division, is as follows:

"That a perpetual injunction be issued in this cause against the said defendants, Conrad-Baisch-Kroehle Company *et al.,* restraining and perpetually enjoining them, their servants or agents:

"1.   From selling or offering for sale as the product of the factories in Grand Rapids, or as Grand Rapids Furniture, any furniture not in fact the product of the factories of that city, or from affixing to such furniture any label containing the words 'Grand Rapids,' or using the words 'Grand Rapids' alone or in connection with other words, in signs, newspaper advertisements, show windows or otherwise, in such a way as to lead the public to believe that furniture to be that which is the product of the factories in the city of Grand Rapids, Michigan; or from using the words, 'Grand Rapids' alone or in connection with other words, in advertisements, offering for sale, or marketing of furniture not in fact the product of the factories of the city of Grand Rapids, Michigan, or from selling goods manufactured elsewhere than in Grand Rapids, Michigan, as and for the goods manufactured in that city, or with the intent that they shall be represented to be, or sold as the product of the Grand Rapids factories, to the purchaser.

"2.   From using the name of Grand Rapids alone or in connection with other words, as the designation, name or style of a retail store, in which less than a substantial representative stock of goods, which are the product of the furniture factories in the City of Grand Rapids, are offered for sale."

Court Rule No. 60 (1931), requires leave to appeal where such leave is expressly required by statute or rule, and Mr. Justice COOLEY said in *Taylor* v. *Sweet,* 40 Mich. 736, 739:

"In its terms this order is interlocutory, but it has been several times held by this court that if an order finally disposes of any portion of the subject matter in controversy, it is *quoad hoc* a final decree or order and therefore appealable."

However, it is unnecessary to pass upon this question in the instant case as all parties are desirous of a decision on the merits.

Appellees accept appellant's statement of the following questions involved in the appeal: (1) A claimed abuse of judicial discretion in the issuance of the injunction; (2) Should defendant be denied the right to use the words "Grand Rapids" on labels attached to furniture if they also show the actual place of manufacture? (3) Was it proper to restrain the use of the word "guild" in connection with the words "Grand Rapids?" (4) Has plaintiff an exclusive property right in the word "guild" as applied to the promotion of the sale of furniture? (5) Should defendant's members be subject to the injunction when not made parties to the action?

"Granting or dissolving an interlocutory injunction is discretionary with the trial court; and this court will rarely interfere with the exercise of such discretionary power and then only upon a showing of a palpable abuse thereof." *Flemming* v. *Heffner & Flemming,* 263 Mich. 561, citing *Freeman* v. *Mitchell,* 198 Mich. 207.

Mr. Justice STONE defined "abuse of discretion" in *Cooper* v. *Carr,* 161 Mich. 405, 412, saying:

"To warrant such interference (on our part), the abuse ought to be so plain that upon consideration of the facts upon which the trial judge acted, an unprejudiced person can say there was no justification or excuse for the ruling made."

As will presently be seen, the trial court did not abuse its discretion in issuing the injunction.

The remaining questions can be answered by saying that courts should not lend their aid to schemes whereby the buying public may be misled. The injunction does not in any way prevent defendant from conducting an exhibition of furniture in the city of Grand Rapids, regardless of where it is manufactured, but it does and should prevent defendant, and any one associated with it, from leading the buying public to believe that furniture so exhibited is manufactured at Grand Rapids.

"It is the general rule that when they are properly descriptive, the use of geographical words in a business name will not be enjoined, in the absence of estoppel or of actual fraud, or public misleading." *Michigan Savings Bank* v. *Dime Savings Bank,* 162 Mich. 297 (139 Am. St. Rep. 558).

Defendant's statement in the exhibit attached to the pleading says, in part:

"Into the making of every piece of furniture should go the priceless element that cannot be bought in any market. The priceless ingredient is the honor and integrity of him who makes it. Therefore, it behooves the purchaser to consider the name before he buys. Confusion can, of course, readily occur. As a national institution (not local), too much confusion has already been applied to the Grand Rapids furniture exposition."

Confusion clouds the faculties and makes distinctions obscure. Defendant's answer denies all intent to mislead the public and avers that "its members design and intend in good faith to give further and greater publicity to and to promote the said furniture expositions and the Grand Rapids market to the benefit of themselves as well as all others exhibiting or manufacturing in Grand Rapids; and to that end to advertising in appropriate ways the

fact that said members are exhibitors at Grand Rapids and entitled to be known to the trade as such, and entitled to share in the prestige of said Grand Rapids furniture market, which prestige they have largely been instrumental in building up, and to obviate measurably the confusion which now to a considerable extent exists in the public mind between those manufacturing furniture in Grand Rapids and those exhibiting in Grand Rapids but not manufacturing thereat.''

A fair reading of the injunction will not prevent defendant, or its members, from doing any of these things so long as the public is not confused or misled as to the place of manufacture.

The order is affirmed and the appeal dismissed, with costs to appellee.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Butzel and Edward M. Sharpe, JJ., concurred.