MONTGOMERY WARD & CO., INC., *v.* WARD
FURNITURE & APPLIANCE COMPANY.

1. TRADE-MARKS AND TRADE-NAMES—UNFAIR BUSINESS COMPETITION
   —CORPORATIONS—REGISTRATION OF NAME.

   Unfair business competition by defendant corporation resulted
   through its use of word as part of corporate name that was
   the same name as that featured by plaintiff corporation and
   which word plaintiff showed had acquired a secondary mean-
   ing, to indicate plaintiff through long use and extensive ad-
   vertising, where no one connected with defendant's company
   bore the name and the defendant's use of the name led to
   confusion and deception of the public, notwithstanding the
   word was not registered as a trade-mark or trade-name.

2. CORPORATIONS—NAME—CONFUSION—DECEPTION—STATUTES.

   Use of word in defendant's corporate name which resulted from
   first letters of 4 words descriptive of its merchandise but
   which word was already in long use by plaintiff corporation
   as a prominent part of its name, fell within prohibition of
   statute as to name of corporation that is likely to mislead the
   public or lead to confusion or deception (CL 1948, § 450.6).

Appeal from Genesee; Gadola (Paul V.), J. Sub-
mitted April 6, 1950. (Docket No. 26, Calendar No.
44,481.) Decided May 18, 1950.

Bill by Montgomery Ward & Co., Inc., against
Ward Furniture & Appliance Company to restrain

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 13 Am Jur, Corporations, § 131 *et seq.;* 52 Am Jur, Trade-
marks, Trade-names, and Trade Practices, § 133.
[1, 2] Protection of business or trading corporation against use
of same or similar name by another corporation. 66 ALR 948;
115 ALR 1241.
[1, 2] Doctrine of secondary meaning in the law of trade-marks
and of unfair competition. 150 ALR 1067.

use of word "Wards" in name or advertising. Decree for plaintiff. Defendant appeals. Affirmed.

*Brownell & Gault* and *L. E. Oliphant, Jr.,* for plaintiff.

*Joseph & Joseph* and *Herbert J. Pevos,* for defendant.

REID, J.   Plaintiff filed its bill to enjoin defendant corporation from using the word "Wards" or any name confusingly similar as part of its name or in anywise in advertisement or sale of its merchandise. Defendant appeals from permanent injunctive relief granted plaintiff after a hearing on the merits.

Plaintiff recites that it owns and operates throughout the United States 627 stores, including 37 in Michigan, for the sale of general merchandise at retail, and to facilitate its sales also operates 250 catalog offices, including 8 in Michigan; that plaintiff is successor to a business founded in 1872 by Mr. A. Montgomery Ward, and that plaintiff and its predecessors in interest have spent more than $400,000,000 in publication and circulation of catalogs, its aggregate sales exceed $10,000,000,000, its annual sales approximate $1,000,000,000 and that its annual sales in Michigan exceed $40,000,000; that since 1923, the name of the corporation in display advertisements in newspapers and in large signs on its stores has been featured as "Wards" and that all of the articles of private brand merchandise sold by plaintiff are sold under the trade-mark and trade-name, "Wards;" and that in Michigan as well as in the United States at large, the full name of plaintiff has in the public mind come to be known as "Wards." Plaintiff states that furniture and household appliances have been the major lines in

its stores and catalogs for a great many years. Plaintiff claims that the name "Wards" has acquired a secondary meaning and that the use by defendant of that name amounts to unfair competition and causes confusion in the minds of customers of plaintiff.

Plaintiff offered an abundance of testimony to show general use by plaintiff of the word "Wards" in the advertisement and transaction of plaintiff's business.

Defendant claims that none of the names, "Ward," "Ward's," or "Wards" is registered as a trade-mark or trade-name and denies that the word "Ward's" or "Ward" has acquired a secondary meaning. The defendant claims there are 12 firms in Michigan who use the name Ward as part of their firm name.

Defendant's witness, S. H. Syde, testified that he was one of the 3 original founders of defendant company, and is a member of the board of directors and controller of said company, and further testified, "We" selected the name of defendant because "our type of operation * * * had to be unique; * * * we had to make a definite impression on the city of Flint. * * * We would have to have the shortest and most direct point that might impress the city of Flint. * * * We tried to get the punchiest name that would convey to the public in reading it that there was an affiliation between the furniture and appliance store, and emphasize the name. * * * We had to incorporate 'washers' and 'radio dealers' and wanted to give them the idea we were big dealers; and we wanted to get into furniture. So, we contracted the names, and got the name 'Ward's' * * * but we have not spelled out 'washers and radio dealers,' as constituting the name 'Ward's.' "

Thus it appears that defendant's claim for its selection of the word "Ward" as part of the name of its company is because the word is composed of the

first letters of the 4 words, "washers and radio dealers." It further appears that no one connected with defendant company bears the name Ward.

We have carefully considered the testimony in the case and we are convinced the word "Wards" has acquired a secondary meaning to indicate plaintiff, and that defendant's use of the word Ward in its corporate name and in the advertisement of its business, leads to confusion and deception of the public and constitutes unfair business competition. It is not necessary to cite all the cases that bear upon the question of unfair use of names in business competition, but we especially have in mind what we said in *Universal Credit Co.* v. *Dearborn Universal Underwriters Credit Corp.*, 309 Mich 608. In that case we quoted at page 618 the following portion of the Michigan statute as pertinent in that case:

"No corporation shall assume any name which is likely to mislead the public, or any name already in use by any other existing corporation of this State, or corporation lawfully carrying on business in this State, or so nearly similar thereto as to lead to confusion or deception." CL 1948, § 450.6 (Stat Ann § 21.6).

We consider that the defendant, a Michigan corporation, falls within the inhibition of the statute just cited, for which reason and because of the unfair business competition as we have above recited, the decree appealed from is affirmed. Costs to plaintiff.

BOYLES, C. J., and NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred. BUTZEL, J., did not sit.