## EX-CELL-O CORPORATION *v.* SAGE.

1. CORPORATIONS—SIMILARITY OF NAMES—UNFAIR COMPETITION.

Unfair competition from use of similar names in corporate name is not proved unless there is actual competition shown from specific instances or as a natural tendency of defendant's acts (CL 1948, § 450.6).

2. SAME—SIMILARITY OF NAMES—UNFAIR COMPETITION—EVIDENCE.

Plaintiff, a large corporation engaged in the manufacture of precision parts for household appliances, for industrial usage, for the automobile manufacturers, for the aircraft industry and the United States government for armament and munitions, machine tools and machinery for the dairy industry but which does not manufacture, as defendant small corporation does, automobile accessories nor sell automotive parts to garages, gasoline stations, retailers or the public generally, failed to make out a case of unfair competition by defendant because of similarity of the first word of their corporate names (CL 1948, § 450.6).

3. SAME—SIMILARITY OF NAMES—STATUTES—CONFUSION.

Statute proscribing the use of a name by a corporation which is likely to mislead the public or any name already in use by any other existing domestic or foreign corporation carrying on business in this State leading to confusion or deception *held,* not to have been violated by defendant corporation whose first name closely resembled that of plaintiff's first name but whose products and markets were sufficiently dissimilar so that there was but little confusion in mail or telephone calls, it also appearing that other corporations in the same city used the same similar name (CL 1948, § 450.6).

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur, Corporations § 134 *et seq.*
[2, 3] 13 Am Jur, Corporations § 137.

Appeal from Wayne; Weideman (Carl M.), J. Submitted October 2, 1956. (Docket No. 12, Calendar No. 45,883.) Decided December 6, 1956.

Bill by Ex-Cell-O Corporation, a Michigan Corporation, against Robert J. Sage and Sol Tachman, individually, and Excello Automotive Products Co., a Michigan corporation, to enjoin use of similar name. Decree for defendants. Plaintiff appeals. Affirmed.

*Dye & Anderson,* for plaintiff.

*Howard & Howard* (*Mark Howard,* of counsel), for defendants.

Dethmers, C. J. Plaintiff seeks to enjoin use by defendants of the word "Excello" in the name of defendant corporation or in connection with the operation of their business. From decree dismissing its bill of complaint, plaintiff appeals.

Plaintiff was incorporated in 1919 as Ex-Cell-O Tool and Manufacturing Company. In 1929 its name was changed to Ex-Cell-O Aircraft and Tool Company, and in 1937 it adopted its present name, Ex-Cell-O Corporation. It is a large corporation with thousands of employees, several manufacturing locations, 4,500 shareholders, and assets of $52,000,-000. It makes and sells precision parts for household appliances, for industrial usage, for the automobile industry, for the aircraft industry, and for the United States government for armament and munitions. It also makes and sells machine tools and a line of machinery for the dairy industry. In its automotive parts business it sells only to the major automobile manufacturing companies. It does not manufacture or sell automobile accessories nor

does it sell automotive parts to garages, gasoline stations, retailers or the public generally.

In 1944, the individual defendants formed a partnership, naming it Excello Automotive Products Company, and engaged in the business of selling to gasoline stations and garages automobile accessories such as fan belts, hub caps, spark plugs, et cetera, which are not made by the manufacturers of the automobiles for which they are used. Later, they organized the defendant corporation under the same name and transferred the business and assets of the partnership to it. Defendant corporation is a small concern employing about 10 people. During the 8 years before trial that defendants used said name, there were not to exceed a half-dozen instances of misdirected mail intended for plaintiff and delivered to defendant, and a few misplaced telephone calls also may have occurred. These were referred by defendants to plaintiff. No other proofs were adduced of confusion resulting from the similarity of the 2 corporate names. No resulting business loss or injury was shown to have been occasioned plaintiff, nor was it established that the 2 are in competition with each other. Plaintiff sells automotive parts to large manufacturers. Defendants sell automobile accessories to retail outlets.

Are defendants guilty of unfair competition? Does their use of the word "Excello" in defendant corporation's name violate CL 1948, § 450.6 (Stat Ann § 21.6)? The pertinent portion of the statute reads:

"No corporation shall assume any name which is likely to mislead the public, or any name already in use by any other existing corporation of this State, or corporation lawfully carrying on business in this State, or so nearly similar thereto as to lead to confusion or deception."

Contending in the affirmative as to both questions, plaintiff cites *Grand Rapids Furniture Co.* v. *Grand Rapids Furniture Shops*, 221 Mich 548; *Metal Craft Co.* v. *Metalcraft Heater Corp.*, 255 Mich 642; *Universal Credit Co.* v. *Dearborn Universal Underwriters Credit Corp.*, 309 Mich 608; *Montgomery Ward & Co., Inc.*, v. *Ward Furniture & Appliance Co.*, 327 Mich 582. The first 2 cases relate solely to the question of violation of the statute and the latter 2 to both questions. The 4 cases are distinguishable from the instant case in that in each there was clear evidence of competition between the parties which sold the same products in direct market competition or sold to the same customers. In the case at bar the parties do not sell the same products, and they do not sell to the same customers, nor even to the same type of customers. Defendant sells automobile accessories to general retail outlets, while plaintiff sells automotive parts to a small, highly specialized group, namely the major automobile manufacturers, which are capable of close discrimination.

Defendant relies on *Young & Chaffee Furniture Co.* v. *Chaffee Brothers Furniture Co.*, 204 Mich 293; *Good Housekeeping Shop* v. *Smitter*, 254 Mich 592; *Central Mutual Auto Insurance Co.* v. *Central Mutual Insurance Company of Chicago*, 275 Mich 554; *Federal Engineering Co., Inc.*, v. *Grieves*, 315 Mich 326; *220 Bagley Corp.* v. *Julius Freud Land Co.*, 317 Mich 470; *Burns* v. *Schotz*, 343 Mich 153. Applying the tests of these cases, it is to be noted that plaintiff has not shown an exclusive right to the use of the name "Excello," which, as disclosed by the telephone directory in evidence, is used in plaintiff's home city by many other, different types of concerns, nor has it shown that the word has any inherent quality which necessarily connects it with plaintiff's type of business (*Federal Engineer-*

*ing Company Case, supra*), nor has it shown that the word has acquired a secondary meaning which invariably indicates plaintiff, as in the *Montgomery Ward & Company Case, supra.* As already indicated, plaintiff proved no loss to it resulting from defendant corporation's use of the word "Excello" in its name. From the *Burns,* the *220 Bagley Corporation,* and the *Good Housekeeping Shop Cases, supra,* it is clear that we do not consider unfair competition to have been proved unless actual competition is shown from specific instances or as a natural tendency of defendant's acts. No such showing was made in the case at bar. We conclude that no case of unfair competition was made out.

Was there, in violation of statute, such similarity in the 2 corporate names as to lead to confusion and deception? Under our decisions in the *Young & Chaffee,* the *Federal Engineering,* and the *Central Mutual Cases, supra,* we are constrained to hold that the few instances of misdirected mail or telephone calls shown in the case at bar, together with the proofs in their entirety, are not sufficient to establish such confusion or likelihood of confusion as to warrant a holding that the statute is violated. Particularly is this true in view of the highly specialized character of plaintiff's automotive clientele, capable of close discrimination. *Federal Engineering Company* and *220 Bagley Corporation Cases, supra.*

Affirmed, with costs to defendants.

Sharpe, Smith, Edwards, Kelly, Carr, and Black, JJ., concurred.

Boyles, J., took no part in the decision of this case.