FURNITURE MANUFACTURERS ASSOCIATION OF GRAND
RAPIDS v. GRAND RAPIDS FURNITURE CO.

1. TRADEMARKS AND TRADE NAMES—UNFAIR COMPETITION—COMMON-
LAW TRADE NAME.

Finding of trial court that two manufacturers in Grand Rapids
and manufacturers' association whose members made furniture
in Grand Rapids had a common-law right in the trade name
"Grand Rapids" used in connection with furniture, *held*, sus-
tained by evidence.

2. SAME—UNFAIR COMPETITION—STATUTE—NAMES—CORPORATIONS—
PARTNERSHIP.

Principle of unfair competition which prohibits use of name which
is likely to mislead the public, or is so nearly similar to a name
already in use by another as to lead to confusion or deception,
made applicable to corporations by statute, is equitable in na-
ture and binds a partnership on equitable principles (CLS 1961,
§ 450.6).

3. SAME—UNFAIR COMPETITION—COMPETITION.

Evidence in record in action to enjoin use of trade name *held*,
to support trial judge's finding that defendant retail seller
of furniture was in competition with members of plaintiff
furniture manufacturers' association in the furniture market.

4. SAME—COMPETITION.

Competition is, generally, an essential fact to be established in
order that one be found guilty of unfair competition.

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur, Trademarks, Tradenames, and Trade Practices § 22
*et seq.*
[2] 52 Am Jur, Trademarks, Tradenames, and Trade Practices § 164.
[3] 52 Am Jur, Trademarks, Tradenames, and Trade Practices § 169.
[4] 52 Am Jur, Trademarks, Tradenames, and Trade Practices § 86
*et seq.*
[5] 52 Am Jur, Trademarks, Tradenames, and Trade Practices § 105
*et seq.*
[6] 52 Am Jur, Trademarks, Tradenames, and Trade Practices § 142
*et seq.*

5. Same—Lack of Competition—Trade Names.

Trade name made valuable by the owner, outstanding and widely known, may not be taken by another and used for the purposes of deceiving the public in an area where the owner does not have an established place of business and where there is no actual competition between the owner and the one who takes the name.

6. Same—Trade Name—Injunction—Grand Rapids—Furniture.

Injunction which prohibits defendants from using the name "Grand Rapids" as part of the name of a store in which less than a substantial representative stock of goods offered for sale is the product of furniture factories in the area of Grand Rapids, Michigan, *held*, proper relief, and clear and unambiguous in suit by manufacturers' association and 2 furniture manufacturers in Grand Rapids to enjoin use of "Grand Rapids" as part of name of retail furniture store which sold furniture manufactured for the most part in other places than Grand Rapids, Michigan.

Appeal from Macomb; Spier (James E.), J. Submitted Division 2 November 10, 1966, at Lansing. (Docket No. 1,076.) Decided April 25, 1967.

Complaint by Brower Furniture Company, Hekman Furniture Company, and Furniture Manufacturers Association of Grand Rapids, all Michigan corporations, against Grand Rapids Furniture Co., a partnership, and Gerald Mellin and Milton Mellin, partners in Grand Rapids Furniture Co., to enjoin use of trade name belonging to plaintiffs. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Miller, Johnson, Snell & Cummiskey* (*Stephen C. Bransdorfer,* of counsel), for plaintiffs.

*J. Leonard Hyman* (*Stanley Weingarden,* of counsel), for defendants.

T. G. KAVANAGH, J.   Plaintiffs-appellees in this cause are 2 furniture manufacturers whose factories are located in the vicinity of Grand Rapids, Michigan and a furniture manufacturing association made up of these and other similarly situated manufacturers. The plaintiffs have no retail operation but sell furniture to furniture dealers such as the defendants who operate a retail furniture store in Warren, Michigan.

Plaintiffs brought this action against defendants alleging, among other things, unfair competition and infringement of a common-law trade name. They sought to show that "Grand Rapids" in conjunction with "furniture" is a trade name, that said trade name belonged to the plaintiffs, and requested injunctive relief.

The trial court found that defendants were guilty of unfair competition, in deceiving the public by representing that they have a special connection with Grand Rapids, Michigan. An injunction was issued restraining defendants *inter alia:*

"1. From using the name, Grand Rapids, alone or in connection with other words, as the designation, name or style of a retail store, or a business enterprise in which less than a substantial representative stock of goods, which are the product of furniture factories of the Grand Rapids, Michigan area, are offered for sale."

On appeal, defendants assert the trial court erred in holding that defendants were excluded from using the name "Grand Rapids" in conjunction with furniture and the defendants were guilty of unfair competition. They also assert that the injunction granted by the trial court is vague and ambiguous.

In respect to appellants' first assertion of error we find that the trial court properly relied on the reasoning of the court in the case of *Furniture*

*Manufacturers Association of Grand Rapids* v.
*Grand Rapids Guild of Exhibitors* (1934), 268 Mich
685, to support its conclusion that appellants should
be excluded from using the name "Grand Rapids"
in connection with furniture. At page 687 of that
case the Court, quoting from an opinion of the
Federal Trade Commission, Docket No. 1,243, *in
the matter of Greenberger* (1925), 9 FTC 304, ap-
pears to have approved the fact finding made
therein at p 315:

" 'Paragraph six: The city of Grand Rapids,
Michigan has been for many years and is now
a large and important center of the furniture in-
dustry in the United States, which fact is generally
known to the public throughout the United States.
Furniture manufactured in the city of Grand Rapids
has for many years enjoyed and now enjoys a wide-
spread popularity, good will and demand throughout
the United States. "Grand Rapids Furniture"
is, and the public understands it to be, furniture
manufactured in the city of Grand Rapids, in the
State of Michigan. There are among the purchas-
ing public many who prefer Grand Rapids Furniture
to furniture made at points other than at Grand
Rapids, Michigan.' "

The court in *Furniture Manufacturers, supra,*
approved injunctive relief similar to that herein
obtained below.

Having properly found that the proofs established
the existence and value to appellees of the name
"Grand Rapids" as a common-law trade name, the
trial court here correctly concluded that the use of
the name by appellants fell within the intent of
the statutory prohibition which reads:

"No corporation shall assume any name which
is likely to mislead the public, or any name already
in use by any other existing corporation of this

State, or corporation lawfully carrying on business in this State, or so nearly similar thereto as to lead to confusion or deception." CLS 1961, § 450.6 (Stat Ann 1963 Rev § 21.6).

We agree with the trial court's conclusion on this issue and even though appellants do business as a copartnership, we regard the broad equitable principles of fair competition binding on them as well as a corporation.

That one cannot be found guilty of unfair competition when he is not in fact competing correctly states the general rule of law. See *Good Housekeeping Shop* v. *Smitter* (1931), 254 Mich 592, *Burns* v. *Schotz* (1955), 343 Mich 153, and *Ex-Cell-O Corporation* v. *Sage* (1956), 347 Mich 210. However, the record here supports the trial judge's conclusion that there was competition in the furniture market.

Furthermore, absent competition, appellants' actions would still be prohibited since they fall within the exception referred to by the Court in *Good Housekeeping Shop* v. *Smitter, supra,* at p 597:

"An exception to the rule has been made where an outstanding and widely known name, made valuable by the owner (*i.e.,* Hudson Bay Company), was pirated for the purpose of deceiving the public in a territory where the company did not have an established place of business and where it was claimed there was no actual competition. *Governor and Company of Adventurers of England Trading Into Hudson's Bay* v. *Hudson Bay Fur Co.* (Minn, 1928), 33 F2d 801."

We find no merit in appellants' last assertion of error. The injunction does not prohibit the appellants from selling furniture. It does restrain them from using the name "Grand Rapids" in conjunction with any sale of non-Grand Rapids furniture. We

consider such relief proper and find the injunction to be clear and unambiguous. See *Furniture Manufacturers Association of Grand Rapids* v. *Grand Rapids Guild of Exhibitors, supra.*

For the reasons set forth, the decision of the trial court is affirmed. Appellees may tax costs.

QUINN, P. J., and FITZGERALD, J., concurred.