John A. Spinuzzi, Spinuzzi & Girand, Dallas, Tex., for defendant.

**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**ALLSTATE INC. CO., Defendant.**

**No. CA 3–2816–C.**

United States District Court
N. D. Texas,
Dallas Division.

Oct. 3, 1969.

### OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

This is an action by Allstate Insurance Company, an Illinois corporation, against Allstate Inc. Co. (sic), a Texas corporation, in which the matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000.00, for infringement in commerce of plaintiff's service marks registered on the principal register in the United States Patent Office, for infringement in Texas of plaintiff's service marks registered in the Office of the Secretary of State of Texas, and for unfair competition, in which plaintiff seeks an injunction against further infringement and unfair competition, ordering destruction of infringing materials, ordering defendant to change its name from Allstate Inc. Co. to a name not deceptively similar to plaintiff's name, for an accounting of profits, for damages, including exemplary damages and costs.

The court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1332 as one arising under a law of the United States and one between citizens of different states with the requisite jurisdictional amount, and under 28 U.S.C. § 1338 and 15 U.S.C. § 1121, as an action for infringement of federally registered service marks with pendent jurisdiction of the unfair competition count.

As early as February 1956 the word "Allstate" was registered as a service mark on the principal register in the United States Patent Office to Allstate Insurance Company. Thereafter at different subsequent dates the word "Allstate" in different forms of printing was registered as a service mark on that register. As early as July 1953 the symbol depicting two hands side by side, palms upward, holding a replica of a motor vehicle was registered as a service mark to Allstate Insurance Company on the principal register in the United States Patent Office. Thereafter the symbol depicting two hands side by side, palms upward, holding a replica of a house and a motor vehicle or a replica of a man, woman and children were registered on the principal register. As early as February 1956 the words "you are in good hands with Allstate" were registered as a service mark to Allstate Insurance Company on the principal register in the United States Patent Office. As early as December 1958 the design of two hands side by side, palms upward, holding a replica of a house and a motor vehicle in association with the slogan "you are in good hands with Allstate" was registered as a service mark to Allstate Insurance Company on the principal register. Thereafter similar designs with substantially the same slogan were registered to Allstate Insurance Company as service marks on the principal register.

In August 1963 the symbol of two hands side by side, palms upward, holding a replica of a house and motor vehicle, the word "Allstate" and the words "you are in good hands with Allstate" were separately registered as service marks of Allstate Insurance Company in the Office of the Secretary of State of Texas.

From the dates of the respective registrations of the service marks on the principal register in the United States Patent Office, Allstate Insurance Company has continuously advertised and written and underwritten insurance risks, primarily automobile casualty insurance, under said service marks in commerce throughout the United States and such marks are now and always have been owned by Allstate Insurance Company and are valid, subsisting and uncancelled. Allstate Insurance Company gave notice of the registration of its service marks on the principal register in the United States Patent Office, following such registrations in accordance with the provisions of 15 U.S.C. § 1111 by displaying with the marks the letter "R" enclosed in a circle.

From the dates of the registration of the respective service marks in the Office of the Secretary of State of Texas, Allstate Insurance Company has continuously advertised and written and underwritten insurance risks, primarily automobile casualty insurance, in the State of Texas under such marks. Such marks are now and always have been owned by Allstate Insurance Company and continue to be valid, subsisting and uncancelled.

Allstate Insurance Company never gave Allstate Inc. Co. permission to use any of the above described service marks. It never gave Allstate Inc. Co. permission to use the name "Allstate" or the corporate name "Allstate Inc. Co.".

Allstate Insurance Company in the year 1967 received approximately one billion dollars in premiums. It had 1400 offices throughout the United States in 1967 and approximately 25,000 employees.

Allstate Insurance Company has expended many millions of dollars in advertising the above described service marks. In the five years 1963 to 1967, both inclusive, it spent an aggregate of

$39,572,000.00 in advertising under the name "Allstate Insurance Company" and the service marks "Allstate", "you are in good hands with Allstate" and the symbol of two hands depicted side by side, palms upward, holding a replica of a house and a motor vehicle or holding a replica of a man, woman and two children in mass media divided as follows: $20,456,000.00 on network television, $6,437,000.00 on national magazines, $11,534,000.00 on major market advertising in key metropolitan markets and $1,145.00 in community markets at the local level. The service marks described above have become identified in the public mind as indicating Allstate Insurance Company and the origin of services in Allstate Insurance Company. Allstate Insurance Company and its services have acquired a reputation of uniform high quality and dependability. As a result the above described service marks have acquired and now have a valuable goodwill. The slogan "you are in good hands with Allstate" and the symbol of the hands side by side, palms upward, holding a replica of a motor vehicle have attained a secondary meaning as identifying Allstate Insurance Company and its services and are the subject of goodwill of that business which it designates.

In 1968, defendant was organized as a Texas corporation by its president and sole stockholder, J. A. Windham, and two other incorporators who subsequently assigned their stock to him, for the purpose of manufacturing and selling throughout the United States automatic car wash equipment. The defendant adopted the unusual corporate name "Allstate Inc. Co." (sic) which is deceptively similar to the name "Allstate Ins. Co.". Thereafter, the defendant, acting through its president, Windham, designed a four page brochure in color for the purpose of advertising its car wash. The brochure on the first page bears the slogan "Place your car in good hands!" followed by a symbol depicting two hands side by side, palms upward, holding a replica of a motor vehicle in car wash equipment, beneath which appears

in conclusion of the slogan the words "With Allstate Car Wash". The symbol and slogan are substantially a copy of the Allstate Insurance Company symbol and slogan. Beneath that appears the words "not associated with any company of similar name". No company name appears on the first page of the brochure. On the fourth page of the brochure the above described slogan and symbol appear again along side the company name "Allstate Inc. Co. (Car Wash Division)" followed by a Dallas post office box and a Dallas telephone number. At the bottom of the fourth page appears the words "not associated with any company of similar name". The printing of the word "Allstate" wherever it appears on the first and fourth pages of the brochure is identical with the printing of the word "Allstate" in much of Allstate Insurance Company's advertising. The brochure has been delivered by the defendant Allstate Inc. Co. to persons outside Texas. The design, slogan and corporate name with "(Car Wash Division)" were printed on the stationery of Allstate Inc. Co.

The defendant Allstate Inc. Co. published in the issues of the Wall Street Journal of July 18, 1968 and September 19, 1968, under the heading "Franchise Offerings" an advertisement of its car wash, measuring approximately 3¾ inches x 7¼ inches. Approximately the top half of the advertisement contained the slogan "Place your car in good hands!" followed by the symbol depicting two hands side by side, palms upward, holding a replica of a motor vehicle in car wash equipment, followed by the words in conclusion of the slogan "With Allstate Car Wash". At the bottom of the advertisement in prominent type appeared the words "Allstate Inc. Co. (Car Wash Division)" with the address of the defendant and beneath that in smaller print, the words "not associated with any company of similar name". It is a matter of common knowledge that the Wall Street Journal is published in interstate commerce; that is to say published and circulated in many states, and

the evidence here disclosed that the advertisements of the defendant in the Wall Street Journal reached readers in Louisiana and Ohio.

The use of the word "Allstate", the slogan "Place your car in good hands with Allstate Car Wash" with the symbol depicting two hands side by side, palms upward, holding a replica of a motor vehicle in car wash equipment constituted the use of a reproduction, copy or colorable imitation of service marks registered to Allstate Insurance Company on the principal register in the United States Patent Office and in the Office of the Secretary of State of Texas. Such use was in commerce within the purview of Sec. 32 of the Lanham Act, 15 U.S.C. § 1114, in connection with the sale and offering for sale and advertising of goods, as well as use in the State of Texas within the purview of Sec. 16.-26 of the Texas Business and Commerce Code, V.T.C.A. Such use was and is likely to deceive and to cause confusion or mistake as to the source or origin of the goods; that is to say to deceive the public into believing that the source of defendant's goods was Allstate Insurance Company or that Allstate Insurance Company sponsored or approved such goods or that Allstate Inc. Co. (Car Wash Division) was affiliated with or was a part or branch of Allstate Insurance Company, or at the very least, to cause the public to be confused or mistaken as to those facts. Indeed, the record conclusively establishes that such deception, confusion and mistake occurred. One person in Louisiana on seeing the advertisement in the Wall Street Journal wrote Allstate Insurance Company at its office in Northbrook, Illinois for more information concerning the mechanics of the car wash so advertised. A person in Ohio who replied to a blind advertisement of the defendant in the Wall Street Journal received from defendant its brochure and thereupon wrote Allstate Insurance Company to inquire if the defendant was a division of Allstate Insurance Company or had any connection whatsoever with it. Defendant's president testified on his deposition that 20 to 25 persons who he called upon asked if the defendant was associated with Allstate Insurance Company or Sears.

■ In its use of the slogan and symbol described, particularly in conjunction with the deceptively similar corporate name "Allstate Inc. Co.", defendant infringed the service marks of Allstate Insurance Company registered on the principal register in the United States Patent Office in violation of Sec. 32 of the Lanham Act, 15 U.S.C. § 1114 and the service marks of Allstate Insurance Company registered in the Office of the Secretary of State of Texas in violation of Sec. 16.26 of the Texas Business and Commerce Code and engaged in unfair competition.

■ Defendant argues that its use of the marks and symbol could not have infringed the federally and state protected service marks of Allstate Insurance Company and could not constitute unfair competition for the reason that it was advertising goods, i. e., car wash equipment, and Allstate Insurance Company was advertising and selling services, i. e., automobile casualty insurance, and such goods and services are so dissimilar that no possible confusion or deception could occur and no unfair competition could result. The short answer is, of course, that the evidence in the case affirmatively establishes the fact that deception and confusion did occur. However, defendant's premise would fail if in fact no deception and confusion had occurred. Defendant's use of the marks was likely to cause confusion or mistake and was likely to deceive. The concept of competition with respect to the particular product or services need not exist to warrant actions for infringement of registered trade and service marks or for unfair competition, Turner et al. v. HMH Publishing Company, 5th Cir., 1967, 380 F.2d 224 (use of mark by magazine vs. use by nightclub); Chemical Corporation of America v. Anheuser-Busch Inc., 5th Cir., 1962, 306 F.2d 433, 2 A.L.R.3d 739 (use of mark in sale

of beer vs. use of mark in sale of floor wax and insecticide); Fleishmann Distilling Corporation v. Maier Brewing Company, 9th Cir., 1963, 314 F.2d 149 (use of mark on scotch whiskey vs. use of mark on beer); Esquire, Inc. v. Esquire Slipper Manufacturing Company, 1st Cir., 1957, 243 F.2d 540 (use of mark on magazine vs. use of magazine on men's slippers); Stork Restaurant, Inc. v. Sahati, 9th Cir., 1948, 166 F.2d 348 (use of mark by famous New York City restaurant vs. use by a small, little known restaurant in San Francisco); Aetna Casualty and Surety Company v. Aetna Auto Finance, Inc., 5th Cir., 1941, 123 F.2d 582. The last case cited is particularly apposite here. The argument of the defense in that case was that no competition did or could exist between plaintiff insurer of automobile risks and defendant, an automobile finance company, loaning money on automobiles and arranging for sales of insurance thereon. The court noted that there could, of course, be imagined many cases where the use of the word "Aetna" standing alone would not be relieved against; that what was confusing in that case and what made it plain that the defendant must be held accountable in equity for its action was that it had not contented itself with merely using the word "Aetna" but had taken the combination "Aetna Auto" which the plaintiff had by its advertising made completely suggestive of itself; that the name itself coupled with the advertising the defendant began but discontinued on threat of suit left the court in no doubt that it was the purpose of the defendant to build itself upon the established reputation and business strength of plaintiff and to reap such benefits from it as it could; that the purpose of the defendant was to project itself into the field of automobile financing panoplied in a name already favorably known rather than to come into it on its own merits and slowly building here a little, there a little, establish its own place.

The law on unfair competition is the same in Texas, Burge v. Dallas Retail Merchants Association, Tex.Civ.App., 1953, 257 S.W.2d 733, no writ history. In that case the court rejected the argument that competition in the same line of business is a necessary element of unfair competition. It held that the question of unfair competition should be tested by the rule stated in 148 A.L.R. 56: the doctrine is applicable not only where by the acts of the infringer customers are mislead to believe that the infringer's goods, services, or business are the complaining party's but also where the impression is created that the complaining party has sponsored, or approved, or is in any way connected with the activities of the infringer, or that the latter is affiliated with, or a part or a branch and subsidiary of the former.

The infringement of service marks and unfair competition herein found to exist were wilful, deliberate and fraudulent. The defendant's president, J. A. Windham, testified that he was the individual responsible for the selection and adoption of the corporate name, symbol, slogan and forms of advertising; that at the times of such adoption he was aware of the fact that Allstate Insurance Company had for many years used the symbol of two hands side by side, palms upward, holding a motor vehicle and the slogan "you are in good hands with Allstate" and that he knew of no other person or company who used the symbol and slogan. He testified that for four years he had owned the stock of a corporation which operated a radio station, was in radio for that period and was familiar with the advertising and promotional use of mass media. He testified that the corporate name Allstate Inc. Co. was selected because he liked the name "Allstate" and wanted to be at the front of the phone book; that he abbreviated the word "Incorporated" to "Inc." in the corporate name Allstate Inc. Co. (sic) so that he would not have the long word "incorporated" to spell out on the stationery. He testified that he placed "(Car Wash Division)" after the corporate name Allstate Inc. Co. on the advertisements and the stationery of the

company because he contemplated it would have other divisions such as a building division and a cattle division. The evidence was that there were then no such other divisions; that a building division was never advertised and a cattle division was never created. Such explanations are not candid; they are not credible. The defendant Allstate Inc. Co., acting through its president, adopted a corporate name deceptively similar to Allstate Insurance Company; it adopted almost a Chinese copy of the slogan and symbol which had at the expense of many millions of dollars to Allstate Insurance Company acquired a secondary meaning as identifying Allstate Insurance Company and which was the subject of its goodwill and fine reputation at a time when the defendant's president knew that Allstate Insurance Company was the only company which used such marks. The corporate name which the defendant adopted is exotic. The abbreviation lends itself to confusion with the abbreviation of Allstate Ins. Co. The use of the statement "(Car Wash Division)" when no other division existed was clearly for the purpose of indicating that the advertised car wash equipment was produced by a substantial company with more than one division of operation. The conclusion is irresistible that the defendant Allstate Inc. Co. sought to trade on the name and reputation of one of the largest automobile oriented corporations in the United States and vicariously and fraudulently reap for itself benefits acquired through the goodwill of Allstate Insurance Company.

Allstate Insurance Company is entitled to an injunction enjoining defendant from further infringement and unfair competition, ordering the destruction of all advertisements, literature, stationery, forms, writings and papers bearing the name Allstate Inc. Co. (Car Wash Division) and the symbol of two hands side by side, palms upward, holding a motor vehicle in car wash equipment and the slogan "Place your car in good hands with Allstate Car Wash";

ordering the defendant to change its corporate name and to refrain from the use of the name of Allstate Inc. Co. and the use of the word Allstate in its corporate title, and to have an accounting of all profits realized by the defendant in the sale of Allstate car wash equipment.

Defendant will provide and submit to plaintiff a statement of its sales of car wash equipment under the name Allstate and the costs and expenses of such sales on or before October 10, 1969 and the parties will thereupon advise the court whether they can agree on the profits realized by the defendant, and if not, an accounting shall be taken by the court at a date to be then announced.