6 Mich. App. 533 (1967)
149 N.W.2d 887
FURNITURE MANUFACTURERS ASSOCIATION OF GRAND RAPIDS
v.
GRAND RAPIDS FURNITURE CO.
Docket No. 1,076.
Michigan Court of Appeals.
Decided April 25, 1967.
Miller, Johnson, Snell & Cummiskey (Stephen C. Bransdorfer, of counsel), for plaintiffs.
J. Leonard Hyman (Stanley Weingarden, of counsel), for defendants.
*535 T.G. KAVANAGH, J.
Plaintiffs-appellees in this cause are 2 furniture manufacturers whose factories are located in the vicinity of Grand Rapids, Michigan and a furniture manufacturing association made up of these and other similarly situated manufacturers. The plaintiffs have no retail operation but sell furniture to furniture dealers such as the defendants who operate a retail furniture store in Warren, Michigan.
Plaintiffs brought this action against defendants alleging, among other things, unfair competition and infringement of a common-law trade name. They sought to show that "Grand Rapids" in conjunction with "furniture" is a trade name, that said trade name belonged to the plaintiffs, and requested injunctive relief.
The trial court found that defendants were guilty of unfair competition, in deceiving the public by representing that they have a special connection with Grand Rapids, Michigan. An injunction was issued restraining defendants inter alia:
"1. From using the name, Grand Rapids, alone or in connection with other words, as the designation, name or style of a retail store, or a business enterprise in which less than a substantial representative stock of goods, which are the product of furniture factories of the Grand Rapids, Michigan area, are offered for sale."
On appeal, defendants assert the trial court erred in holding that defendants were excluded from using the name "Grand Rapids" in conjunction with furniture and the defendants were guilty of unfair competition. They also assert that the injunction granted by the trial court is vague and ambiguous.
In respect to appellants' first assertion of error we find that the trial court properly relied on the reasoning of the court in the case of Furniture *536 Manufacturers Association of Grand Rapids v. Grand Rapids Guild of Exhibitors (1934), 268 Mich 685, to support its conclusion that appellants should be excluded from using the name "Grand Rapids" in connection with furniture. At page 687 of that case the Court, quoting from an opinion of the Federal Trade Commission, Docket No. 1,243, in the matter of Greenberger (1925), 9 FTC 304, appears to have approved the fact finding made therein at p 315:
"`Paragraph six: The city of Grand Rapids, Michigan has been for many years and is now a large and important center of the furniture industry in the United States, which fact is generally known to the public throughout the United States. Furniture manufactured in the city of Grand Rapids has for many years enjoyed and now enjoys a widespread popularity, good will and demand throughout the United States. "Grand Rapids Furniture" is, and the public understands it to be, furniture manufactured in the city of Grand Rapids, in the State of Michigan. There are among the purchasing public many who prefer Grand Rapids Furniture to furniture made at points other than at Grand Rapids, Michigan.'"
The court in Furniture Manufacturers, supra, approved injunctive relief similar to that herein obtained below.
Having properly found that the proofs established the existence and value to appellees of the name "Grand Rapids" as a common-law trade name, the trial court here correctly concluded that the use of the name by appellants fell within the intent of the statutory prohibition which reads:
"No corporation shall assume any name which is likely to mislead the public, or any name already in use by any other existing corporation of this *537 State, or corporation lawfully carrying on business in this State, or so nearly similar thereto as to lead to confusion or deception." CLS 1961, § 450.6 (Stat Ann 1963 Rev § 21.6).
We agree with the trial court's conclusion on this issue and even though appellants do business as a copartnership, we regard the broad equitable principles of fair competition binding on them as well as a corporation.
That one cannot be found guilty of unfair competition when he is not in fact competing correctly states the general rule of law. See Good Housekeeping Shop v. Smitter (1931), 254 Mich 592, Burns v. Schotz (1955), 343 Mich 153, and Ex-Cell-O Corporation v. Sage (1956), 347 Mich 210. However, the record here supports the trial judge's conclusion that there was competition in the furniture market.
Furthermore, absent competition, appellants' actions would still be prohibited since they fall within the exception referred to by the Court in Good Housekeeping Shop v. Smitter, supra, at p 597:
"An exception to the rule has been made where an outstanding and widely known name, made valuable by the owner (i.e., Hudson Bay Company), was pirated for the purpose of deceiving the public in a territory where the company did not have an established place of business and where it was claimed there was no actual competition. Governor and Company of Adventurers of England Trading Into Hudson's Bay v. Hudson Bay Fur Co. (Minn, 1928), 33 F2d 801."
We find no merit in appellants' last assertion of error. The injunction does not prohibit the appellants from selling furniture. It does restrain them from using the name "Grand Rapids" in conjunction with any sale of non-Grand Rapids furniture. We *538 consider such relief proper and find the injunction to be clear and unambiguous. See Furniture Manufacturers Association of Grand Rapids v. Grand Rapids Guild of Exhibitors, supra.
For the reasons set forth, the decision of the trial court is affirmed. Appellees may tax costs.
QUINN, P.J., and FITZGERALD, J., concurred.