FIRST CONGRESSIONAL DISTRICT DEMOCRATIC
PARTY ORGANIZATION

*v.*

FIRST CONGRESSIONAL DISTRICT DEMOCRATIC
ORGANIZATION, INC.

1. TRADE REGULATION—NAMES—CORPORATIONS—STATUTES—PROTECTION OF NAMES.

Names of incorporated and unincorporated bodies are protected by statute and case law (MCLA §§ 430.101, 450.6).

2. TRADE REGULATION—NAMES—SIMILARITY—TEST—PROBABILITY OF CONFUSION.

Showing actual confusion is not necessary in determining whether two names are so similar that the probability of confusion exists; it is sufficient if confusion is probable or likely to occur.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur 2d, Corporations § 141 *et seq.*
[2, 4] 18 Am Jur 2d, Corporations § 146 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 822.

3. Appeal and Error—Equity—De Novo Review.

An appellate court hears a chancery case *de novo* and gives due weight to the findings of the trial court and does not reverse a trial court unless convinced that it would have reached a different conclusion had it occupied the position of the trial court.

4. Trade Regulation—Names—Similarity—Same Words—Same Order—Same Arrangement—Injunction.

Refusal to restrain First Congressional District Democratic Organization, Incorporated, from using a name similar to plaintiffs' name, First Congressional District Democratic Party Organization, was error since the parties' names were nearly identical not only in the use of the same words but also were set forth in the same order and arrangement.

Appeal from Wayne, Edward S. Piggins, J. Submitted Division 1 February 9, 1970, at Detroit. (Docket No. 7,860.) Decided February 27, 1970. Leave to appeal denied July 29, 1970. 383 Mich 810.

Complaint by First Congressional District Democratic Party Organization and the Democratic State Central Committee of Michigan, statutory political organizations, against First Congressional District Democratic Organization, Incorporated, a Michigan nonprofit corporation, and Frank R. Owens to enjoin the use by defendants of a name similar to plaintiffs' name. Judgment of no cause of action. Plaintiffs appeal. Reversed and remanded.

*Joseph Levin,* for plaintiffs.

*Chester Smith,* for defendants.

Before: Quinn, P. J., and Fitzgerald and R. B. Burns, JJ.

R. B. Burns, J. Plaintiff, First Congressional District Democratic Party Organization, was created

in 1964 as a statutory organization of the democratic party for the first congressional district of Michigan.

In 1965 the defendant corporation incorporated as a nonprofit corporation as the First Congressional District Democratic Organization, Incorporated.

Plaintiffs filed suit in the circuit court to restrain the defendant corporation and its president, Frank R. Owens, from using a name so similar to the plaintiffs' name. The trial court refused to grant the restraining order for two reasons:

"[N]othing anywhere in the statute   *   *   * seems to give the party   *   *   * the exclusive right to the phrase 'District Democratic Party Organization'.   *   *   * [T]here is nothing in the opinion of this court that creates any confusion between that name and the name of the defendant   *   *   * ."

By statute and case law the names of incorporated and unincorporated bodies have been protected. MCLA § 450.6 (Stat Ann 1963 Rev § 21.6) states:

"No corporation shall assume any name which is likely to mislead the public, or any name already in use by any other existing corporation   *   *   * or so nearly similar   *   *   * as to lead to confusion   *   *   *   ."

Similar standards protect unincorporated bodies. *Supreme Lodge Knights of Pythias* v. *Improved Order Knights of Pythias* (1897), 113 Mich 133; MCLA § 430.101 (Stat Ann 1957 Rev § 18.671).

In determining whether two names are so similar that the probability of confusion exists, it is not necessary to show actual confusion. It is sufficient if confusion is probable or likely to occur. The confusion is such as would exist in minds of ordinary intelligence. *Metal Craft Co.* v. *Metalcraft Heater Corporation* (1931), 255 Mich 642.

An appellate court hears a chancery case *de novo* and gives due weight to the findings of the trial court, and does not reverse a trial court unless convinced that it would have reached a different conclusion had it occupied the position of the trial court. We are convinced that we would have reached a different conclusion than the trial court had we been sitting in its place.

The names of the parties to this appeal are nearly identical; not only are the same words used but they are set forth in the same order and arrangement. Therefore, the case is reversed and remanded to the circuit court for the entry of an order restraining the defendant corporation from using a name so similar to the plaintiff's name. Costs to plaintiffs.

All concurred.